

**KREINDLER & KREINDLER** LLP

750 Third Avenue
New York, NY 10017-2703
(212) 687-8181
Fax: (212) 972-9432
www.kreindler.com

April 5, 2017

**VIA ECF**

The Honorable Sarah Netburn
Thurgood Marshall United States Courthouse
40 Foley Square, Room 430
New York, NY 10007

RE: *In Re: Terrorist Attacks on September 11, 2001,* 03 MDL 1570 (GBD) (SN)

Dear Judge Netburn,

Pursuant to this Court's March 24, 2017 Order (Doc 3482), plaintiffs in *Ashton v. Kingdom of Saudi Arabia*, 17 cv 2003, respectfully submit this letter to address the scheduling of the motions to dismiss of the Kingdom of Saudi Arabia (KSA).

We have conferred with counsel for the KSA.  Counsel has agreed to accept service of the *Ashton* Complaint and proposed that it file a single consolidated motion to dismiss both the Combined Consolidated Complaint (the "CAC"), filed by the *Federal, Eurobrokers, Cantor Fitzgerald, Burnett and O'Neill* plaintiffs, and the *Ashton* Complaint on August 1, 2017, and that all plaintiffs respond to that motion in a joint opposition.  Alternatively, KSA's counsel suggested that the KSA file its motion on June 1 to dismiss the CAC only and that after that motion is briefed and decided, an order to show cause be entered as so why the same decision should not be applied to *Ashton*.

The *Ashton* plaintiffs agree with the KSA's proposal that it file its planned motion to dismiss both the CAC and *Ashton* on August 1, 2017 but, as detailed below, believe that each of the two plaintiffs' groups should be allowed to submit their own opposition papers.  The *Ashton* plaintiffs strenuously disagree with the KSA's proposal to move to dismiss the CAC only and then address *Ashton* by order to show cause.  As set forth below, this alternative will prejudice the right of the *Ashton* plaintiffs to have their claims heard by the Court in the first instance, create needless division and confusion among the plaintiffs and could lead to inefficiencies and unnecessary delay.

The *Ashton* Complaint is a consolidated pleading of five different law firms representing 802 wrongful death claims brought by thousands of surviving family members and estate

California Office
707 Wilshire Boulevard, Los Angeles, CA 90017-3613
Tel: (213) 622-6469  Fax: (213) 622-6019

Massachusetts Office
855 Boylston Street, Boston, MA 02116-2688
Tel: (617) 424-9100  Fax: (617) 424-9120

Page 2
April 5, 2017

representatives and 1,572 personal injury claims.  The complaint is based on the September 2016 Justice Against Sponsors of Terrorism Act (JASTA).  None of the *Ashton* plaintiffs previously filed suit against the KSA prior to the JASTA.  The plaintiffs in *Ashton* are entitled to assert their JASTA claims against KSA in the manner they see fit and there is no reason or legal basis to force them to merge their claims into the CAC or to delay the prosecution of their action.

On February 16, 2017, this Court entered an Order (Doc. 3449) approving a proposed schedule submitted by the Plaintiffs' Executive Committee and counsel for KSA that provided for service of a proposed amended complaint on counsel for KSA on March 1, 2017.  We never understood that this Court's February 16 Order applied to plaintiffs, such as those in *Ashton*, who had not previously brought claims against the KSA.  Although the statute of limitations for our JASTA claims against the KSA does not run until January 2, 2019, we proceeded to promptly prepare and file the *Ashton* complaint on March 20, 2017.

At the March 23, 2017 conference before this Court, counsel for the KSA incorrectly suggested that "the *Ashton* plaintiffs did sue Saudi Arabia back in 2014" and therefore were subject to this Court's amended complaint Order.  (Transcript, p. 8).  But no suit against the KSA was ever filed by the *Ashton* plaintiffs until this past month.[1]

This Court's Case Management Order # 3 (CMO) (Doc. 248) established the General Steering Committee and the two separate Plaintiffs' Executive Committees: one representing the interests of wrongful death and personal injury plaintiffs and the second representing the interests of property plaintiffs.

The CMO did not require or even authorize the PECs to file uniform complaints or a master complaint.  In fact, the CMO states that "it is not the intent of this order and organization plan to limit the ability or right of the various Committees to advance substantive positions in the interests of the [sic] their constituencies…" and that the "Court requires procedural efficiency, and not necessarily uniformity, on substantive issues."  The PECs were instead charged to conduct consolidated discovery and motion papers to the extent that it is practical.  The PECs have and will continue to meet their obligations under the CMO.  At no point in the long history of the case has the Court ordered that the plaintiffs all agree to one consolidated complaint and differences among the complaints have not negatively affected the Court's ability to hear and decide numerous motions, including the KSA's prior motions.

Pursuant to the CMO, the plaintiffs should be allowed to submit two separate opposition briefs.  Indeed, as counsel for the KSA acknowledged at the hearing, there are substantive differences between the allegations of the CAC and the *Ashton* complaint.  The submission of

---

[1] At the hearing, KSA's counsel made the erroneous suggestion that the *Ashton* plaintiffs brought a pre-JASTA suit against the KSA via a 2014 proposed consolidated pleading filed by the Plaintiffs' Executive Committee that included additional factual allegations against both the KSA and the Saudi High Commission (SHC). (Transcript, pp. 8, 19-20). The *Ashton* plaintiffs joined that pleading as Committee members with pending claims against the SHC, but never filed claims against the KSA until last month. (Transcript, pp. 21-22).  In any event, Judge Daniels declined to allow the proposed pleading to be filed.

Page 3
April 5, 2017

two briefs for plaintiffs representing thousands of injury and death plaintiffs and a myriad of property claimants cannot be said to burden the Court or prejudice the KSA.  Furthermore, given the substantive differences between the allegations of the CAC and the *Ashton* complaint, the proper course is for the Court to consider all of those allegations against KSA at the same time, rather than on a piecemeal basis.

The *Ashton* plaintiffs have been waiting for a long time to bring their claims and have them properly heard.  A two-step procedure, putting them in line behind other plaintiffs, would be unfair and prejudice their rights to have their claims timely heard and considered by the Court.  Moreover, such an approach be inefficient as the Court would be considering some but not all of the allegations relevant to the motion.  This would necessarily lead to two sets of briefings and hearings, needless confusion among the plaintiffs and would delay rather than advance the ultimate resolution of this case.

Respectfully submitted,

By:____/s/ James P. Kreindler_____
James P. Kreindler (JK7084)

JPK/gm