# EXHIBIT C

## 40.29 Deposition Guidelines

It is ORDERED[1] that depositions be conducted in accordance with the following rules:

1. *Cooperation.* Counsel are expected to cooperate with, and be courteous to, each other and deponents.

2. *Stipulations.* Unless contrary to an order of the court, the parties (and when appropriate, a nonparty witness) may stipulate in any suitable writing to alter, amend, or modify any practice relating to noticing, conducting, or filing a deposition. Stipulations for the extension of discovery cutoffs set by the court are not valid, however, until approved by the court.

3. *Scheduling.* All depositions in this litigation may be cross-noticed in any related action pending in state court. Liaison counsel representing the side initiating a deposition shall provide to all known state liaison counsel at least ___ days notice of all depositions filed by plaintiffs and defendants, respectively. Absent extraordinary circumstances, counsel shall consult in advance with opposing counsel and unrepresented-proposed deponents in an effort to schedule depositions at mutually convenient times and places. [That some counsel may be unavailable shall not, however, in view of the number of attorneys involved in this litigation, be grounds for deferring or postponing a deposition if another attorney from the same firm or who represents a party with similar interests is able to attend.]

    Scheduling should take into account (a) the availability of documents from among those produced by the parties and third parties, (b) the objective of avoiding the need to subject any person to repeated depositions, and (c) the need to preserve relevant testimony. As a general rule, no witness should be deposed on the same subject more than once in this litigation. A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception and a listing of the subjects for which it seeks to depose the witness. Second depositions on new subject matter shall be permitted only upon consent of the parties or an order of this Court issued for good cause shown.

4. *Location.* The location of depositions should be as consistent as possible within each city so that any videotape, videoconferencing, or other equipment can be left in place.

5. *Attendance*

    (a) *Who May Be Present.* Unless otherwise ordered under Fed. R. Civ. P. 26(c), depositions may be attended by counsel of record, members and employees of their firms, attorneys specially engaged by a party for purposes of the deposition, the parties or the representative of a party, counsel for the deponent, and potential witnesses. While a deponent is being examined about any stamped confidential document or the confidential information contained therein, persons to whom disclosure is not authorized under the Confidentiality Order shall be excluded.

*Sample Orders* § 40.29

    (b) *Unnecessary Attendance.* Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the court. Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend and to conduct, pursuant to paragraph 13 of this order, supplemental interrogation of the deponent should a review of the deposition reveal the need for such examination.

    (c) *Notice of Intent to Attend a Deposition.* To allow counsel to make arrangements for adequate deposition space, counsel who intend to attend a deposition noticed in the above-captioned litigation should advise counsel for the noticing party at least three days prior to the deposition, if feasible.

6. *Conduct*

    (a) *Examination.* Each side should ordinarily designate one attorney to conduct the principal examination of the deponent, and examination by other attorneys should be limited to matters not previously covered. Counsel should cooperate so examinations by multiple attorneys do not exceed the allotted time.

    (b) *Transmittal of Copies.* The attorney who conducts the principal examination for the noticing party is responsible for assuring that a copy of the deposition transcript, diskettes, and any videotapes are provided to the document depository and to liaison counsel.

    (c) *Objections and Directions Not to Answer.* Counsel shall comply with Fed. R. Civ. P. 30(d)(1). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of a communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.

       Any objection made at a deposition shall be deemed to have been made on behalf of all other parties. All objections, except those relating to form and foundation, are preserved.

    (d) *Private Consultation.* Private conferences between deponents and their attorneys in the course of interrogation are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the court for good cause shown, such conferences may be held during normal recesses and adjournments.

    (e) *Continuation of Deposition.* If a deposition is not finished on Friday of a deposition week, it will continue on the following Monday, subject to the availability of the witness. If the witness is unavailable, it will resume on a newly noticed date.

7. *Documents*

    (a) *Production of Documents.* Witnesses subpoenaed to produce documents should ordinarily be served at least 30 days before the scheduled deposition.

§ 40.29                                                            *Manual for Complex Litigation, Fourth*

       Arrangements should be made to permit inspection of the documents before the interrogation commences.

   (b) *Confidentiality Order.* A copy of the confidentiality order shall be provided to the deponent before the deposition commences if the deponent is to produce or may be asked about documents that may contain confidential information. [Counsel shall comply with the provisions of the confidentiality order when examining a deponent about confidential information.]

   (c) *Copies.* Extra copies of documents about which counsel expect to examine the deponent should ordinarily be provided to opposing counsel and the deponent. Deponents should be shown a document before being examined about it except when counsel seek to impeach or test the deponent's recollection.

   (d) *Marking of Deposition Exhibits.* Documents shall be referred to by the unique alpha-numeric identifier assigned by the document depository.

8. *Depositions of Witnesses Who Have No Knowledge of the Facts.* An officer, director, or managing agent of a corporation or a government official served with a notice of a deposition or subpoena regarding a matter about which such person has no knowledge may submit to the noticing party, a reasonable time before the date noticed, an affidavit so stating and identifying a person within the corporation or government entity believed to have such knowledge. Notwithstanding such affidavit, the noticing party may proceed with the deposition, subject to the right of the witness to seek a protective order.

9. *Recording Depositions by Nonstenographic Means*

   (a) *Tape-Recorded Depositions.* By so indicating in its notice of a deposition, a party may record the deposition by tape recording in lieu of stenographic recording pursuant to Fed. R. Civ. P. 30(b)(2) and (3). Other parties may at their own expense arrange for stenographic recording of the deposition, may obtain a copy of the tape and transcript upon payment of a pro rata share of the noticing party's actual costs, and may prepare and file their own version of the transcript of the tape recording.

   (b) *Videotaped Depositions.* By so indicating in its notice of a deposition, a party may record the deposition by videotape pursuant to Fed. R. Civ. P. 30(b)(2) and (3).

      (1) *Rules for Videotaped Reporting*

         (i) *Video Operator.* The operator(s) of the videotape recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

         (ii) *Attendance.* Each witness, attorney, and other person attending the deposition shall be identified on camera at the commencement of the deposition. Thereafter, only the deponent (and demonstrative materials used during the deposition) will be videotaped.

*Sample Orders* § 40.29

(iii) *Standards.* The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at a trial. Unless physically incapacitated, the deponent shall be seated at a table or in a witness box except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. Eating and smoking by deponents or counsel during the deposition will not be permitted.

(iv) *Interruptions.* [The videotape shall run continuously throughout the active conduct of the deposition.] [Videotape recording will be suspended during all "off the record" discussions.][2]

(v) *Index.* The videotape operator shall use a counter on the recording equipment and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the positions on the tape at which examination by different counsel begins and ends, objections are made and examination resumes at which exhibits are identified, and any interruption of continuous tape recording occurs, whether for recesses, "off the record" discussions, mechanical failure, or otherwise.

(vi) *Filing.* [The operator shall preserve custody of the original videotape in its original condition until further order of the court.] [Subject to the provisions of paragraph 10 of this order, the original of the tape recording, together with the operator's log index and a certificate of the operator attesting to the accuracy of the tape, shall be filed with the clerk.] No part of a videotaped deposition shall be released or made available to any member of the public unless authorized by the court.

(vii) *Objections.* Requests for pretrial rulings on the admissibility of evidence obtained during a videotaped deposition shall be accompanied by appropriate pages of the written transcript. If needed for an informed ruling, a copy of the videotape and equipment for viewing the tape shall also be provided to the court.

(viii) *Use at Trial; Purged Tapes.* A party desiring to offer a videotape deposition at trial shall be responsible for having available appropriate playback equipment and a trained operator. After the designation by all parties of the portions of a videotape to be used at trial, an edited copy of the tape, purged of unnecessary portions (and any portions to which objections have been sustained), [may] [shall] be pre-

759

§ 40.29 *Manual for Complex Litigation, Fourth*

pared by the offering party to facilitate continuous playback; but a copy of the edited tape shall be made available to other parties at least ____ days before it is used, and the unedited original of the tape shall also be available at the trial.

10. *Telephonic Depositions.* By indicating in its notice of a deposition that it wishes to conduct the deposition by telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(7). Unless an objection is filed and served within ____ days after such notice is received, the court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person. However, all persons present with the deponent shall be identified in the deposition and shall not, by word, sign, or otherwise, coach or suggest answers to the deponent.

11. *Waiver of Transcription and Filing.* The parties and deponents are authorized and encouraged to waive transcription and filing of depositions that prove to be of little or no usefulness in the litigation or to agree to defer transcription and filing until the need for using the deposition arises.

12. *Use.* Depositions conducted in this litigation may be used in related cases in any state court to the extent permitted by that state's laws and rules. Depositions may, under the conditions prescribed in Fed. R. Civ. P. 32(a)(1)–(4) or as otherwise permitted by the Federal Rules of Evidence, be used against any party (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court as part of this litigation):

    (a) who was present or represented at the deposition;

    (b) who had reasonable notice thereof; or

    (c) who, within 30 days after the filing of the deposition (or, if later, within 60 days after becoming a party in this court in any action that is a part of this litigation), fails to show just cause why such deposition should not be usable against such party.

13. *Supplemental Depositions.* Each party not present or represented at a deposition (including parties later added and parties in cases subsequently filed in, removed to, or transferred to this court) may, within 30 days after the filing of the deposition (or, if later, within 60 days after becoming a party in this court in any action that is a part of this litigation), request permission to conduct a supplemental deposition of the deponent, including the right to take such deposition telephonically and by nonstenographic means. If permitted, the deposition shall be treated as the resumption of the deposition originally noticed; and each deponent shall, at the conclusion of the initial deposition, be advised of the opportunity of nonattending parties to request a resumption of such deposition, subject to the right of the deponent to seek a protective order. Such examination shall not be repetitive of the prior interrogation.

14. *Disputes During Depositions*

    (a) Disputes between the parties that arise during a deposition should be addressed to this [MDL] court rather than the district court in which the depo-

*Sample Orders* $ 40.29

    sition is being conducted. The undersigned will exercise by telephone the authority granted under 28 U.S.C. § 1407(b) to act as district judge in the district in which the deposition is taken.[2]

(b) *Immediate Presentation.* Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require a rescheduling of the deposition, should be presented by telephone to the court. If the judge is not available during the period while the deposition is being conducted, the dispute may be submitted to Magistrate Judge _____ by telephone or as the judge may direct.[3] The presentation of the issue and the court's ruling will be recorded as part of the deposition.[4]

Dated: _____         _____
                                                     United States District Judge

*Notes:*

    1. *See supra* section 11.45.
    2. The power to exercise authority over nonparty deponents outside the district is available only in multidistrict litigation, unless the judge has been given an intracircuit or intercircuit assignment.
    3. *See supra* section 11.456.
    4. If a simultaneous stenographic transcript is being made, the court may prefer that "off the record" discussions be eliminated from the videotape.