UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD)(SN)<br>ECF Case |

This document relates to:

*Ashton et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)
*Ashton et al. v. Kingdom of Saudi Arabia*, 17-cv-2003 (GBD)(SN)

**DECLARATION OBJECTING IN PART
TO MOTION TO SUBSTITUTE COUNSEL**

Dorothea M. Capone, Esq., hereby states under penalty of perjury that:

1.      Since it was founded in 1988, Baumeister & Samuels has never had a single client elect to substitute other counsel until now.   To be clear, the firm does not oppose the *Maher* plaintiffs' decision to substitute counsel.   Although the motion submitted by Dennis Pantazis suggests that the firm unilaterally informed the *Maher* plaintiffs to seek new counsel, as can be seen from the March 22, 2019 email sent by Michel F. Baumeister to Patty Ryan and Kathy Maher[1] attached as Exhibit "A", communications over a period of several months between the firm and Ms. Ryan and Ms. Maher concerning the U.S. Victims of State Sponsored Terrorism Fund ("USVSST Fund") had deteriorated to the point where neither Ms. Ryan nor Ms. Maher continued to trust the advice and counsel provided to them leaving the firm in an untenable position.[2]

---

[1]A similar response is being filed by Baumeister & Samuels simultaneously in the Motion to Substitute Counsel submitted by Dennis Pantazis on behalf of the *Ryan* plaintiffs.

[2]As part of its representation of both the *Ryan* and *Maher* plaintiffs, in 2016 Baumeister & Samuels engaged in the laborious and time-intensive process of seeking, obtaining and serving

1

2.      By email dated April 3, 2019, Kathy Maher instructed the firm to forward all files and information pertaining to claims against the Republic of Iran, the Kingdom of Saudi Arabia and other non-sovereign defendants filed by Baumeister & Samuels on behalf of the *Maher* plaintiffs to Mr. Pantazis.   I emailed Mr. Pantazis on April 5, 2019 to let him know that we had been advised by the *Maher* plaintiffs that he would be substituted as counsel.   In this email I requested that he prepare a motion to substitute himself as counsel and provide for the removal of the *Maher* plaintiffs from the *Ashton/Bauer* complaints as they would no longer be represented by *Ashton/Bauer* counsel following the substitution.   Mr. Pantazis represents other clients identified as *Havlish* Plaintiffs with claims arising out of the September 11, 2001 terror attacks in the Consolidated Amended Complaint filed on March 17, 2017 (1:03-md-01570-GBD-SN (No. 3463)).

3.      Receiving no response to my April 5, 2019 email, I sent another email to Mr. Pantazis on April 16, 2019 requesting a reply, and received a response that he was still in the process of determining whether he could represent the *Maher* plaintiffs.

4.      By email dated July 19, 2019, I received a letter from Mr. Pantazis advising he been retained to represent the *Maher* plaintiffs and requesting copies of files related to their claims in the September 11, 2001 terror actions.

5.      After traveling out of the office for several weeks to attend to client matters, on August 13, 2019 I sent an email to Mr. Pantazis reminding him of my April 5, 2019 email requesting the preparation of a substitution motion which includes the removal of the *Maher*

---

default judgments against the Republic of Iran in order to submit applications on behalf of each family to the USVSST Fund.   The claims of the *Ryan* and *Maher* plaintiffs were deemed eligible by the USVSST Fund.   In the event there is a change to the language of the statute that established the USVSST Fund, the *Ryan* and *Maher* plaintiffs will be able to receive compensation from the Fund for their default judgments.

plaintiffs from the *Ashton/Bauer* actions.   To assist Mr. Pantazis in the preparation of the necessary substitution motion, I provided him with a detailed history of all filings made by Baumeister & Samuels on behalf of the *Maher* plaintiffs and the applicable civil action numbers. My email also advised Mr. Pantazis that the firm wished for him to acknowledge that it will have a lien for the fees and unreimbursed expenses related to our efforts in pursuing claims on behalf of the *Maher* plaintiffs for more than 17 years in the event there is any future recovery in any actions arising out of the September 11, 2001 terror attacks, although I suggested that a discussion of this lien could be deferred until such time as there was a successful outcome.

6.      On August 14, 2019 I received an email from Mr. Pantazis' office forwarding Consent Orders for the firm to execute and return.   I replied to this email with a request that my April 5th and August 13th emails be provided to Mr. Pantazis so that an appropriate motion could be prepared substituting Mr. Pantazis as counsel, removing the *Maher* plaintiffs from the *Ashton/Bauer* actions and providing for an acknowledgment of Baumeister & Samuels' lien for its fees and unreimbursed expenses.   On August 22, 2019, Mr. Pantazis sent me a draft Consent Motion to Substitute Counsel with the same Consent Orders provided by his staff seeking our signature.

7.      On August 28, 2019, I forwarded the firm's revisions to the Consent Motion to Mr. Pantazis which included my repeatedly requested relief to remove the *Maher* plaintiffs from the *Ashton/Bauer* actions and an acknowledgment of the firm's lien.

8.      On September 10, 2019, while I was in Washington, DC meeting with representatives from the White House, the DOJ and other officials in connection with the declassification of certain FBI documents related to the 9/11 terror attacks, Mr. Pantazis responded and stated that he and his clients had reviewed my revisions and the *Maher* plaintiffs

would not agree to acknowledge the firm's lien for the work it had done on their behalf for more than 17 years in the litigation against Iran, Saudi Arabia and other non-sovereign defendants.

9.      By email on September 19, 2019 I advised Mr. Pantazis that the firm could not agree to execute the Consent Motion for the *Maher* plaintiffs without a provision to remove them from the *Ashton/Bauer* actions since they would no longer be represented by *Ashton/Bauer* counsel following the substitution, and without an acknowledgment of the firm's lien for more than 17 years of work and the expenditure of thousands of dollars of unreimbursed expenses.[3]

10.     Mr. Pantazis filed a Motion to Substitute Counsel this morning which has necessitated the submission of this Declaration to the Court in order to provide it with a clearer understanding of the need to remove the *Maher* plaintiffs from the *Ashton/Bauer* actions, and to request an acknowledgment of the firm's lien.

I respectfully request that the Court issue an order (i) substituting Mr. Pantazis as counsel for the *Maher* plaintiffs; (ii) removing the *Maher* plaintiffs from the *Ashton/Bauer* actions since they will no longer be represented by *Ashton/Bauer* counsel following the requested substitution; and (iii) recognizing and acknowledging that Baumeister & Samuels will have a lien for the firm's fees and unreimbursed expenses in the event there is any future recovery to the *Maher* plaintiffs in any actions arising out of the September 11, 2001 terror attacks.

Dated: September 20, 2019

Dorothea M. Capone, Esq.
BAUMEISTER & SAMUELS, P.C.
140 Broadway, 46th Floor
New York, New York 10005

---

[3]In light of the smaller award made to the *Maher* plaintiffs by the September 11th Victims Compensation Fund due to significant collateral offsets, Baumeister & Samuels waived its contingency fee completely so that the total net award could be distributed to the *Maher* plaintiffs.

Phone: (212) 363-1200
Facsimile: (212) 363-1346
Email: tcapone@baumeisterlaw.com