UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

In re:

    IN TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

03-MDL-01570 (GBD)(SN)

**ORDER**

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/3/2019

This document relates to:

<u>Ashton et al v. al Qaeda Islamic Army, et al.</u>, 02-CV-6977 (GBD) (SN) (S.D.N.Y.)
<u>Bauer et al. v. al Qaeda Islamic Army, et al.</u>, 02-CV-7236 (GBD) (SN) (S.D.N.Y.)
<u>Ashton et al. v. Kingdom of Saudi Arabia</u>, 17-CV-2003 (GBD) (SN) (S.D.N.Y.)

**SARAH NETBURN, United States Magistrate Judge:**

    On September 20, 2019, Patricia Ryan, Kristen Ryan, Laura Ryan, and Colin Ryan (the "Ryan Plaintiffs"), as well as Katherine Maher, Daniel R. Maher, and Joseph F. Maher (the "Maher Plaintiffs") (collectively, "Plaintiffs"), parties in the <u>Ashton</u> action, filed motions to substitute counsel. ECF Nos. 5164, 5165. On the same day, Baumeister & Samuels, current counsel for Plaintiffs, partially opposed the motions. ECF Nos. 5169, 5171. The firm consents to the substitution of counsel, but contends that: (1) Plaintiffs should be removed from the <u>Ashton</u> action; and (2) the Court should enter a charging lien for the firm's fees and unreimbursed expenses in the event there is any future recovery. <u>Id.</u>

    New York law creates a lien by which an attorney may recover unpaid fees from an award in the client's favor. <u>Kovach v. City University of New York</u>, No. 13-CV-7198 (LGS), 2015 WL 5827414, at *2 (S.D.N.Y. Oct. 6, 2015) (citing N.Y. Jud. Law § 475). If a lawyer is discharged for cause, however, he or she is not entitled to legal fees. <u>Joffe v. King & Spalding LLP</u>, 337 F. Supp. 3d 366, 369 (S.D.N.Y. 2018). Cause requires a showing of impropriety or

misconduct on the part of the attorney. Garcia v. Teitler, 443 F.3d 202, 212 (2d Cir. 2006). Poor client relations, differences of opinion, or personality conflicts do not suffice. Id.

    Plaintiffs oppose the issuance of a charging lien, but do not provide any evidence that Baumeister & Samuels was discharged for cause. See ECF No. 5169, ¶ 8. Accordingly, by Thursday, October 10, 2019, Plaintiffs are directed to file a brief letter providing the basis for their opposition to the entry of a charging lien in an amount to be determined later.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    October 3, 2019
               New York, New York