

**Baumeister & Samuels**, P.C.
A PROFESSIONAL CORPORATION

140 Broadway, 46th Floor
New York, NY 10005

DOROTHEA M. CAPONE
tcapone@baumeisterlaw.com

212-363-1200
866-363-1200
212-363-1346 Fax
www.baumeisterlaw.com

October 29, 2019

**_VIA ELECTRONIC CASE FILING_**

Honorable Magistrate Judge Sarah Netburn
United States District Court for the
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, New York 10007

      Re:    *In Re September 11, 2001 Terror Attacks*, 03-mdl-1570 (GBD)(SN)
              *Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
              *Bauer, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236 (GBD)(SN)
              <u>*Ashton, et al. v. Kingdom of Saudi Arabia*, 17-cv-2003 (GBD)(SN)</u>

Dear Judge Netburn:

      We are in receipt of the October 29, 2019 letter submitted by Mr. Vuotto (ECF No 5243), counsel for the "Ryan and Maher plaintiffs" as it relates to our firm's request for a charging lien arising out of the Motion to Substitute Counsel filed on September 20, 2019 by Dennis Pantazis (ECF No. 5164, 5165). In his letter, Mr. Vuotto states that he and his clients do not believe that an evidentiary hearing that was directed by this Court in its October 11, 2019 Order (ECF No. 5205) is necessary at this time. We disagree with Mr. Vuotto's statements and are prepared to appear and testify under oath at such a hearing on December 18, 2019 should that date be amenable to the Court.

      As set forth in my Declaration Objecting in Part to Mr. Pantazis's motion filed on September 20, 2019 (ECF No. 5169, 5171), our firm does not oppose the Ryan and Maher plaintiffs' request to substitute Mr. Pantazis as counsel. We only sought the inclusion of a provision to remove these plaintiffs from the *Ashton/Bauer* actions since they would no longer be represented by *Ashton/Bauer* counsel following the substitution, and an acknowledgment of Baumeister & Samuels' charging lien for more than 17 years of work representing these plaintiffs.

      Your Honor's October 3, 2019 Order (ECF No. 5186) recognized that New York law permits an attorney to recover unpaid legal fees from a future award in a client's favor unless that attorney is discharged for cause, which requires a showing of impropriety or misconduct



beyond poor client relations, differences of opinion, or personality conflicts. *Id.* (internal citations omitted). Since the Ryan and Maher plaintiffs opposed the issuance of a charging lien to our firm but did not provide any evidence that the firm was discharged for cause, the Court directed them to file a letter providing the basis for their opposition to the entry of a charging lien. *Id.* On October 10, 2019, the Ryan and Maher plaintiffs filed an unsworn letter (ECF No. 5202) alleging multiple acts of improper conduct by me, Michel F. Baumeister and the firm. By letter dated the same day, I requested permission to file a formal response to their allegations (ECF No. 5203) which resulted in the issuance of the Court's October 11, 2019 Order (ECF No. 5205) granting such permission and setting the matter down for a hearing at which time the parties would be sworn to testify under oath as to the disputed issue. *Id.*

In his October 29, 2019 letter, Mr. Vuotto suggests that the Ryan and Maher plaintiffs are "willing to acknowledge the firm's right to assert a charging lien over any future recoveries", a right that is expressly provided under §475 of the *New York Judiciary Law*. The issue is not our right to "assert" a lien, but rather, our right to <u>recover</u> a lien. As this Court has previously noted, the law is clear that we are entitled to a charging lien unless the firm or its attorneys have engaged in professional misconduct or impropriety. The Ryan and Maher plaintiffs have paraded a litany of allegations in an unsworn letter and we have denied them in our <u>sworn</u> response. Unless the Ryan and Maher plaintiffs consent to our right to a charging lien on the basis of the proper and appropriate legal work we have performed for them over the last 17 years and they acknowledge that we have not engaged in any acts of misconduct or impropriety, we are compelled to proceed to an evidentiary hearing. In any such hearing, the Ryan and Maher plaintiffs have the burden to come forward with sworn testimony and evidence to substantiate the claims they have placed on the record before this Court. This hearing should not be delayed. Additionally, to fairly meet the accusations propounded by the Ryan and Maher plaintiffs, we respectfully request that the Court require each of these individual plaintiffs to file a sworn statement as to their own claims rather than an unsworn letter with multiple, combined allegations signed by two plaintiffs.

In his October 29, 2019 letter, Mr. Vuotto also suggests that it is improper for the Ryan and Maher plaintiffs to be required to litigate their objections to Baumeister & Samuels' charging lien in an evidentiary hearing before this Court. To the contrary, pursuant to §475 of *New York Judiciary Law* the firm is statutorily entitled to a charging lien on any monetary recoveries obtained by the Ryan and Maher plaintiffs arising out of the proceedings we have litigated on their behalf as a result of the September 11, 2001 terror attacks. The New York Court of Appeals recognized this explicit right in *Matter of Cohen v. Granger, Tresoriero & Bell*, 81 N.Y.2d 655, 658 (1993) in a case involving a discharged attorney, and expanded upon its holding in *Klein v. Eubank*, 87 N.Y.2d 459, 464 (1996) in a case where the attorney and the client mutually consented to the termination of the relationshipm, concluding that an attorney's right to enforce such a lien is preserved unless there is evidence of attorney misconduct, discharge for cause or an unjustified abandonment of the client. *Id. See also, Kovach v. City University of New York*, No. 13-CV-7198 (LGS), 2015 WL 5827414 (S.D.N.Y. Oct. 6, 2015 (attorney's withdrawal as attorney of record does not effect his entitlement to statutory lien



under §475, at *2, *citing Itar-Russ Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 451 (2d Cir. 1998).[1]

      Unfortunately, we have come to this point after our firm has engaged in several discussions with Mr. Vuotto in a good faith effort to resolve the dispute that has arisen over our charging lien. After several attempts, it became clear to us that no offer on our part would satisfy the Ryan and Maher plaintiffs. As a result, we are prepared to appear before Your Honor on December 18, 2019 and defend ourselves against the accusations directed at us.

                                     Respectfully submitted,

                                       Dorothea M. Capone

DMC:cml

cc:    Jonathan Vuotto, Esq. (via ECF)

---

[1] While the Ryan and Maher plaintiffs have glossed over the actual end of their relationship with the firm, neither Baumeister & Samuels nor myself or Mr. Baumeister was discharged - for cause or otherwise - by the Ryan and Maher plaintiffs. As set forth in my Declaration in Opposition to the October 10, 2019 letter and Exhibit thereto (ECF No. 5219, 5219-1), after months and months of communications with the Ryan and Maher plaintiffs, none of which satisfied them, Mr. Baumeister finally suggested to them that they seek new counsel.