

# McANDREW VUOTTO LLC
ATTORNEYS AT LAW

Jonathan P. Vuotto, Esq.
jpv@mcandrewvuotto.com
Direct: (973) 532-6242

October 30, 2019

<u>Via ECF</u>

Hon. Sarah Netburn, U.S.M.J.
United States District Court for the
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

   **Re:** **Baumeister & Samuels, P.C. Lien Dispute**
      **In Re: September 11, 2001 Terror Attacks, 03-mdl-1570 (GBD)(SN)**
      **Ashton et al. v. al Qaeda Islamic Army, et al., 02-cv-6977 (GBD)(SN)**
      **Bauer et al. v. al Qaeda Islamic Army, et al., 02-cv-7236 (GBD)(SN)**
      **Ashton et al. v. Kingdom of Saudi Arabia, 17-cv-2003 (GBD)(SN)**

Dear Judge Netburn:

  This firm represents Katherine Maher, individually and on behalf of the Estate of Daniel Maher a/k/a Daniel L. Maher, Daniel R. Maher, Joseph F. Maher, Patricia Ryan, individually and on behalf of the Estate of John J. Ryan, Laura Ryan, Colin Ryan and Kristen Ryan (collectively, the "Mahers and Ryans") in connection with the Mahers and Ryans' charging lien dispute with Baumeister & Samuels, P.C. ("B&S"). I am sending this letter in response to the letter submitted by Dorothea M. Capone, Esq. of B&S, which was filed on October 29, 2019 [Doc. 5248].

  Ms. Capone has repeatedly represented to this Court, in dramatic fashion, that B&S "properly and appropriately" represented the Mahers and Ryans for "more than 17 years." B&S, however, provided nothing with Ms. Capone's "sworn" Declaration that would substantiate that B&S performed any substantial work on the Iran litigation on the Mahers and Ryans' behalf – they provided no time records, no communications with the Mahers and Ryans – nothing. Rather, Ms. Capone submitted a "sworn" Declaration that she should frankly be ashamed of, resorting to personal attacks and calling her former clients names like "vile," "disgusting," "liars," "repugnant" and "vindictive" – and that was just in the first two pages. While Ms. Capone faults two laypersons for submitting an "unsworn" letter (they will gladly submit sworn statements), Ms. Capone "swears" to the truth of things that she could not possibly know, such as the Mahers and Ryans' motivations, and to things that she is clearly not qualified to give an opinion on, such as whether B&S satisfied the heightened standard of care applied to "experts" in aviation disaster litigation.

      Ms. Capone submitted this insulting and self-serving Declaration because her former clients had the bravery to stand up to her bullying and ask some questions. Indeed, the impetus of this dispute was the Mahers and Ryans questioning B&S about some of their actions and omissions, a portion of the email Ms. Capone conveniently left off her submission to the Court at ECF Doc. 5219-1. When the Mahers and Ryans questioned B&S, B&S terminated the representation and abandoned them, forcing these 9/11 widows and their children to find new attorneys capable of properly handling their case. Moreover, the "17 years of work" B&S allegedly completed appears to consist of some emails and a form default judgment against Iran, which was based on other attorneys' work. When B&S is ready to end the hyperbole and personal attacks, we would appreciate it if they would actually produce some substantive proof of their work for these clients, which we have already demanded by letter of October 29, 2019, a copy of which is enclosed for the Court's reference.

      No doubt, however, that while B&S seems anxious to proceed with an evidentiary hearing, it will not likely be as forthcoming with providing the evidence that must be produced in order for us to have a fair hearing. Indeed, it appears that B&S is attempting to evade a lawsuit for attorney malpractice, breach of fiduciary duty, deceit and other claims, by forcing the Mahers and Ryans to proceed with a hearing without due process. This should not be allowed.

      Lastly, although B&S cites authorities for the general proposition that attorneys who work on a case are entitled to a charging lien, Ms. Capone has not provided any authority for her proposition that the Mahers and Ryans must be forced to litigate their claims against B&S in this forum, without the discovery and other procedural and substantive rights and protections of a plenary action. Ms. Capone has also not provided any authority for the proposition that this dispute must be resolved now, before any recoveries have been made, without knowing if and/or when such recoveries may come and without knowing whether B&S's work would have the same value at the time of such recoveries, which could be many years from now.

      In short, we disagree with Ms. Capone's attempt to run roughshod over the Mahers and Ryans' rights, as much as we disagree with her use of "vile" language and personal attacks against her former clients. We again respectfully request the opportunity to confer with Your Honor on this matter before proceeding with any evidentiary hearing. Also, when it became apparent that this matter would not be resolved in the short term, we began assessing third-party witness availability for a potential hearing on December 18, 2019. Unfortunately, a key third-party witness with relevant knowledge is unavailable on that date because she will be away on vacation until January 2, 2020. We therefore respectfully request that any hearing be scheduled after that date.

      We thank the Court for its consideration of this matter.

      Respectfully submitted,

      */s/Jonathan P Vuotto*
      Jonathan P. Vuotto

Enclosure

cc:    Dorothea Capone, Esq. (via email)



Jonathan P. Vuotto, Esq.<br>
jpv@mcandrewvuotto.com<br>
Direct: (973) 532-6242

October 29, 2019

**<u>Via Email & First Class Mail</u>**

Michel F. Baumeister, Esq.
Dorothea M. Capone, Esq.
Baumeister & Samuels, P.C.
140 Broadway, 46th Floor
New York, NY  1005
mbaumeister@baumeisterlaw.com
tcapone@baumeisterlaw.com

  Re: **Lien Dispute with Maher and Ryan Families**
     **Preservation of Evidence; Demand for Client Files**
     **Case No. 03 MDL 1570 (GBD)(SN)**

Dear Mr. Baumeister and Ms. Capone:

  As you know, this firm represents Katherine Maher, individually and on behalf of the Estate of Daniel Maher a/k/a Daniel L. Maher, Daniel R. Maher, Joseph F. Maher, Patricia Ryan, individually and on behalf of the Estate of John J. Ryan, Laura Ryan, Colin Ryan and Kristen Ryan (collectively, the "Mahers and Ryans") in connection with their dispute with Baumeister & Samuels, P.C. ("B&S") over B&S's assertion of an attorney charging lien.

  This letter requests your immediate action to preserve any and all physical evidence related to B&S's representation of the Mahers and Ryans, and all documents and electronically stored information that may contain evidence relevant to this legal matter.  This preservation notice requires you and B&S to preserve all evidence related to, or arising out of B&S's representation of the Mahers and Ryans, from the inception of the representation and continuing until the matter is resolved.

  Also, without limiting the Mahers and Ryans' rights to demand the production of additional documents or information as provided by the Federal Rules of Civil Procedure or Court Order, please produce the entirety of B&S's files relating to B&S's representation of the Mahers and Ryans, including any and all time records, emails and other communications relating to the representation, within seven (7) days of the date of this letter.  If B&S does not timely produce the entirety of its files relating to its representation of the Mahers and Ryans, then we will move to exclude B&S's use of such materials at the evidentiary hearing currently being scheduled in this matter, to the extent appropriate.

2

       Our clients reserve all of their respective rights, and this letter does not constitute a waiver of any such rights or remedies available to our clients.

       Please contact me if you would like to discuss this matter.

       Very truly yours,

       */s/Jonathan P. Vuotto*
       Jonathan P. Vuotto