**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

*IN RE* TERRORIST ATTACKS ON SEPTEMBER 11, 2001

**MOTION TO FILE A NEW ASSOCIATED CASE UNDER A SHORT FORM COMPLAINT AND TO ADOPT *ASHTON* FOR CLAIMS AGAINST DEFENDANT REPUBLIC OF THE SUDAN**

1:03 MDL 1570 (GBD) (SN)

---

**This Document Relates to**
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-06977 (GBD) (SN)
*Ashton, et al. v. Kingdom of Saudi Arabia*, Case No. 1:17-cv-02003 (GBD) (SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, Case No. 1:02-cv-07236 (GBD) (SN)
*Burlingame, et al. v. bin Laden, et al.*, Case No. 02-cv-6977 (GBD) (SN)

*Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, Deceased; Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, Deceased; Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, Deceased; and Caroline Breitweiser v. Republic of the Sudan* (**proposed new associated case**)

Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, Deceased, Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, Deceased, Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, Deceased, and Caroline Breitweiser (collectively, the "*Maher* Plaintiffs"), through counsel, hereby respectfully submit, in the interest of justice, this Motion To File An Associated Case And To Adopt *Ashton* For Claims Against Defendant Republic of the Sudan. In support thereof, the Maher Plaintiffs aver the following:

1. It is the object of this Motion to preserve Plaintiffs' respective existing rights against Sudan, a defendant currently in default, and to transfer them into a new associated case, to be styled *Katherine Maher, in her own right and as Executrix of the Estate of Daniel L. Maher, Deceased; Patricia Ryan, in her own right and as Executrix of the Estate of John J. Ryan, Deceased; Kristen Breitweiser, in her own right and as Administratrix of the Estate of Ronald Breitweiser, Deceased; and Caroline Breitweiser v. Republic of the Sudan* ("*Maher, et al. v. Sudan*").

2. Plaintiffs from the Maher and Ryan families were previously represented by the law firm of Baumeister & Samuels, P.C. in the case *Bauer, et al. v. al Qaeda Islamic Army, et al.* These plaintiffs, through incorporation of *Bauer* into the larger cases of *Ashton, et al. v. al Qaeda Islamic Army, et al.* ("*Ashton v. al Qaeda*"), and *Ashton, et al. v. Kingdom of Saudi Arabia* ("*Ashton v. KSA*") within this MDL, asserted claims against three foreign sovereigns for providing direct and material support to al Qaeda in carrying out the 9/11 attacks: the Kingdom of Saudi Arabia ("Saudi Arabia"); the Islamic Republic of Iran ("Iran"); and, the Republic of the Sudan ("Sudan").

3. Plaintiffs from the Breitweiser family were previously represented by the law firm Speiser Krause, PC, in the case *Burlingame, et al. v. bin Laden, et al*. These plaintiffs, through incorporation of *Burlingame* into the larger cases of *Ashton v. al Qaeda* and *Ashton v. KSA*, also asserted claims against the same three foreign sovereigns for providing direct and material support to al Qaeda in carrying out the 9/11 attacks: Saudi Arabia, Iran, and Sudan.

4. On December 22, 2011, while all of the moving Plaintiffs herein were represented by prior counsel, the Clerk of Court issued a Certificate of Default as to the Republic of the Sudan in *Ashton v. al Qaeda* for failing for answer or otherwise move with respect to the *Ashton* Consolidated Master Complaint. *Ashton* Doc. No. 652.

5. Subsequently, in October 2016, the plaintiffs from the Maher and Ryan families obtained a default judgment, again through prior counsel under the *Bauer* caption, against the Islamic Republic of Iran and were awarded solatium damages based on the evidence presented in *Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM) ("*Havlish*"), and *Hoglan, et al. v. Islamic Republic of Iran, et al.*, 1:11-cv-07550 (GBD)(SN) ("*Hoglan*"), in this MDL.

6. On May 29, 2018, the plaintiffs from the Breitweiser family also obtained a default judgment, through prior counsel under the *Burlingame* caption, against the Islamic Republic of Iran and were awarded solatium damages based on the evidence presented in *Havlish* and *Hoglan*.

7. This Motion seeks to preserve the claims of the Maher, Ryan, and Breitweiser plaintiffs, the defaults against Sudan obtained by such Plaintiffs in the above-referenced cases, and the judgments obtained in the above-referenced cases. (A separate motion with respect to the moving Plaintiffs' claims against Saudi Arabia will also be filed by these Plaintiffs.)

8. On August 28, 2019, the plaintiffs in the Breitweiser family filed an Unopposed Motion to Substitute Counsel to change their legal representation from their prior law firm, Speiser Krause, PC, to the undersigned attorneys, primarily so that these plaintiffs could participate in judgment enforcement proceedings in Europe with respect to Iran and its agencies and instrumentalities. A copy of the Unopposed Motion to Substitute Counsel filed by the Breitweiser family, MDL Doc. No. 5017 (erroneously docketed as No. 75017), is attached hereto as **EXHIBIT A**.

9. Similarly, on September 20, 2019, the plaintiffs that are members of the Maher and Ryan families each filed a Motion to Substitute Counsel to change their legal representation from their prior law firm, Baumeister & Samuels, P.C., to the undersigned attorneys, for similar reasons. A copy of the Motion to Substitute Counsel filed by the Maher family, MDL Doc. 5165, is attached

3

hereto as **EXHIBIT B**.  A copy of the Motion to Substitute Counsel filed by the Ryan family, MDL Doc. 5164, is attached hereto as **EXHIBIT C**.

10. This Court ordered that all of the moving Plaintiffs here as well as the claims of certain other 9/11 families that held judgments against Iran obtained by other attorneys, be moved into a new case to be captioned *Ryan, et al. v. Islamic Republic of Iran, et al*.  The *Ryan* action was to be associated with the undersigned counsel's *Havlish* and *Hoglan* actions, which have judgments against sixteen (16) Iranian parties, including the Islamic Republic of Iran, but no other nation-state. Undersigned counsel would take the necessary procedural steps to preserve Plaintiffs' respective existing judgments against Iran in *Bauer* and unify them with the judgments sought in *Ryan* against all sixteen (16) Iranian Defendants previously adjudged liable in *Havlish* and *Hoglan*, so that the *Ryan* Plaintiffs' would have the ability to collect their damage awards both in this country and abroad.

11. The undersigned counsel subsequently filed *Ryan, et al. v. Islamic Republic of Iran, et al.,* 1:20-cv-00266 (GBD)(SN), and all the *Ryan* Plaintiffs obtained judgments against the sixteen Iranian Defendants in conformity with the previously entered judgments in *Havlish* and *Hoglan.*

12. On the advice of co-counsel for European judgment enforcement, only defendants associated with Iran were made a part of the *Ryan* case.  Sudan, against which the moving Plaintiffs herein had obtained the benefit of a default entered by the Clerk in the *Ashton* litigation, was not included among the defendants in *Ryan* for this reason (and neither was the Kingdom of Saudi Arabia).

13. While the *Ryan* case placed all the moving Plaintiffs into a similar posture with respect to their claims against Iran, the Plaintiffs are in different positions with respect to their

claims against Sudan. This Motion seeks to place them on an even footing, as more fully explained below and in the accompanying Memorandum of Law.

14. Plaintiffs initially had their claims against Sudan asserted by prior counsel via the Complaint and Consolidated Amended Complaint in *Ashton v. al Qaeda*, filed in this Court on September 4, 2002, and March 6, 2003, respectively. *See Ashton* Doc. Nos. 1-2 and 1-3, and 11.

Sudan was served with the *Ashton* Consolidated Master Complaint in Khartoum, Sudan, via the U.S. Department of State pursuant to 28 U.S.C. §1608(a)(4) on April 29, 2003. Proof of service was transmitted from the U.S. Department of State to the Clerk of Court, SDNY, on May 15, 2003. *See* Affidavit of Service of Andrew J. Maloney, *Esq*. filed with the Court on September 16, 2005, *Ashton* Doc. No. 358, a copy of which is attached hereto as **EXHIBIT D**.

15. Sudan failed to answer, or otherwise move, with respect to the *Ashton* Consolidated Master Complaint. The Clerk of Court issued a Certificate of Default against the Republic of the Sudan on December 22, 2011. *See* Clerk's Certificate of Default dated December 22, 2011, at *Ashton* ECF Document 652, a copy of which is attached hereto at **EXHIBIT E**.

16. At the time the Clerk issued the Certificate of Default, all the moving Plaintiffs were similarly situated with respect to their Sudan claims within the *Ashton* case and were represented by their respective prior counsel.

17. The motion to substitute counsel for the Breitweiser family was unopposed. Under its terms, the undersigned counsel was to be counsel of record for only the Breitweiser family among the hundreds of 9/11 families that are plaintiffs *in Ashton v. al Qaeda*.

18. The motion to substitute counsel for the Maher and Ryan families was also unopposed, though prior counsel did request the Court to enter an order removing Plaintiffs not only from the *Bauer* action against Iran, but also from the *Ashton* cases, *i.e.*, the cases in which these Plaintiffs' claims against Saudi Arabia and Sudan have been litigated.

19. On November 26, 2019, this Court granted the respective motions to substitute counsel filed by the Maher and Ryan families, and also granted these plaintiffs leave to file a new MDL member case under which their Iran judgments and claims would conform with those previously entered against the Iranian Defendants in *Havlish* and *Hoglan*. In granting the motion, this Court directed the plaintiffs from the Maher and Ryan families "to voluntarily withdraw from the *Ashton* and *Bauer* actions and file a new member case associated with the *Havlish* action." A copy of the Order entered by U.S. Magistrate Judge Sarah Netburn on November 29, 2019, at MDL Doc. 5312 is attached hereto as **EXHIBIT F**.

20. Therefore, in contrast to the Breitweiser family, the plaintiffs from the Maher and Ryan families, who have withdrawn from the *Ashton* case as directed by the Court prior to filing *Ryan* for their Iran claims, are no longer represented by prior counsel for their claims against Sudan in this MDL.

21. Plaintiffs now propose that the claims of the Breitweiser family against Sudan be transferred from *Ashton* and joined into a new member case in this MDL against the Republic of the Sudan, and joined with the Sudan claims of the Maher and Ryan families so that all the members of these three families, who are now all represented by undersigned counsel, are placed in the same procedural posture with respect to Sudan.

22. A proposed Short Form Complaint adopting the allegations of *Ashton v. al Qaeda*, styled *Maher, et al. v. Republic of the Sudan,* attached hereto as **EXHIBIT G**, would be filed and entered into the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in this Court.

6

This Short Form Complaint is based upon the procedure previously used in this MDL with respect to adoption of allegations in *Ashton* against Iran and Saudi Arabia for new plaintiffs.

23.     The difference here is that these are not new plaintiffs or new claims.  As in *Ryan v. Iran*, Plaintiffs seek leave for an efficient transfer of already existing claims and defaults, as held in the predecessor cases, into a new case associated with *Ashton v. al Qaeda* so that all Plaintiffs are on a similar procedural footing with respect to their claims against Sudan.

24.     Plaintiffs must preserve their right to proceed against Sudan because Sudan has recently appeared in the MDL proceedings, more than seventeen (17) years after service of the *Ashton* Consolidated Master Complaint in which the moving Plaintiffs were named, yet prior to the Court directing Plaintiffs' withdrawal from *Ashton* on November 26, 2019.

25.     Filing a new Short Form Complaint adopting the claims in *Ashton v. al Qaeda* against Sudan under the rubric set forth in this Court's Order of July 10, 2018, is particularly warranted now because the new government in Sudan has demonstrated a desire to rejoin the community of nations, and, to do so, resolve claims and judgments entered against it in various proceedings in the courts of the United States under the anti-terrorism exception to foreign sovereign immunity.

26.     Plaintiffs respectfully request the proposed Complaint be accepted as a new member case associated with *Ashton v. al Qaeda* and entered into the *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in this Court.

27.     Plaintiffs are similarly situated in that they were represented by attorneys other than the undersigned, and their claims against Sudan were filed in *Ashton v. al Qaeda*.

28.     Further, it is appropriate for the *Maher* Complaint to relate back to the time of the filing of the *Ashton* Complaint with respect to the Republic of the Sudan.

**WHEREFORE**, the proposed *Maher* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING said Plaintiffs' request to file a new case to preserve the *Maher* Plaintiffs' existing claims against Sudan, relating back to the time of filing of the *Maher* Plaintiffs' original claims with respect to Sudan in *Ashton v. al Qaeda*, and that the *Maher* case be entered into the ongoing *In Re Terrorist Attacks on September 11, 2001* MDL proceedings in the United States District Court for the Southern District of New York.

                                                                RESPECTFULLY SUBMITTED,

Date:  August 3, 2020              */s/ Dennis G. Pantazis*
                                          Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
                                           WIGGINS CHILDS PANTAZIS
                                           FISHER GOLDFARB LLC
                                           The Kress Building
                                           301 Nineteenth Street North
                                           Birmingham, AL 35203
                                           (205) 314-0500
                                           dgp@wigginschilds.com

                                           Timothy B. Fleming (DC Bar No. 351114)
                                           WIGGINS CHILDS PANTAZIS
                                           FISHER GOLDFARB PLLC
                                           1211 Connecticut Avenue, N.W., Suite 420
                                           Washington, DC  20036
                                           (202) 467-4489
                                           tfleming@wigginschilds.com

                                           Richard D. Hailey (IN Bar No. 7375-49)
                                           RAMEY & HAILEY
                                           9333 North Meridian Street, Suite 105
                                           Indianapolis, IN  46260
                                           (317) 582-0000

                                           Robert M. Foote (IL Bar No. 03124325)
                                           Craig S. Mielke (IL Bar No. 03127485)
                                           FOOTE, MIELKE, CHAVEZ & O'NEIL, LLC
                                           10 West State Street, Suite 200
                                           Geneva, IL  60134
                                           (630) 232-7450

                                           ***Attorneys for the proposed Maher Plaintiffs***