**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

IN RE TERRORIST ATTACKS ON SEPTEMBER 11, 2001 :

: **MEMORANDUM OF LAW**
**IN SUPPORT OF PLAINTIFFS'**
: **MOTION TO REQUEST THE**
**ISSUANCE OF LETTERS**
: **ROGATORY**

: **1:03 MDL 01570 (GBD) (SN)**

-------------------------------------------------------------------X

**This Document Relates to**
*Ryan, et al. v. Iran, et al.*
**1:20-cv-0266 (GBD)(SN)**

    The *Ryan* Plaintiffs respectfully submit this Memorandum of Law in Support of Plaintiffs' Motion to Request the Issuance of Letters Rogatory. A copy of the proposed Letter Rogatory directed to the appropriate judicial authority of The Islamic Republic of Iran is attached to the accompanying Motion as **EXHIBIT A**.

**I.    STATEMENT OF FACTS**

    This action was brought by representatives of family members of victims of the terrorist attacks of September 11, 2001, in order to hold accountable those who planned, executed, and/or provided material support and assistance to al-Qaeda in carrying out the most deadly and outrageous act of terror to occur on American soil. ("*Ryan* Plaintiffs").

    The *Ryan* Plaintiffs filed their Complaint on January 10, 2020 (*Ryan* Document No. 1). Included in the *Ryan* Plaintiffs' Complaint is the government of the Islamic Republic of Iran and seven (7) political subdivisions of the government of Iran within the meaning of the Foreign Sovereign Immunities Act ("FSIA") found at 28 U.S.C. §1608, *et seq*. The seven (7) *Ryan*

political subdivision Defendants are: (1) The Iranian Ministry of Information and Security; (2) The Islamic Revolutionary Guard Corps; (3) The Iranian Ministry of Petroleum; (4) The Iranian Ministry of Economic Affairs and Finance; (5) The Iranian Ministry of Commerce; (6) The Iranian Ministry of Defense and Armed Forces Logistics; and, (7) The Central Bank of the Islamic Republic of Iran. (collectively, the "Political Subdivision Defendants"). *Id*., ¶¶ 70-75, 76(c)-(g).

Also included in the *Ryan* Plaintiffs' Complaint are six (6) agencies and instrumentalities of the government of Iran that also provided material support to al-Qaeda in carrying out the terrorist attacks of September 11, 2001 within the meaning of FSIA §1608, *et seq*. The six (6) agency or instrumentality Defendants are: (1) National Iranian Tanker Corporation; (2) National Iranian Oil Corporation; (3) National Iranian Gas Corporation; (4) National Iranian Petrochemical Company; (5) Iran Airlines; and, (6) Hezbollah. (collectively, the "Agency and Instrumentality Defendants"). *Id*., ¶ 77(b)-(h). In addition, the *Ryan* Plaintiffs' Second Amended Complaint includes two (2) former officials of the government of Iran: (1) Ayatollah Ali Khamenei, Supreme Leader of Iran: and, (2) the Estate of Akbar Hashemi Rafsanjani, former Chairman of the Expediency Discernment Counsel and former President of Iran. (collectively, the "Former Official Defendants"). *Id*., ¶¶ 76(a)-(b). Letters rogatory issued by this Court are required by the United States Department of State to serve the six Agency and Instrumentality Defendants and the two Former Official Defendants.

The *Ryan* Plaintiffs' Complaint was filed on January 10, 2020 (*Ryan* Document No. 1) and the *Ryan* Plaintiffs were issued a Summons on January 13, 2020 (*Ryan* Docket No. 6) and the *Ryan* Plaintiffs were issued an Amended Summons on July 31, 2020 (*Ryan* Docket No.17). All sixteen (16) *Ryan* Defendants must be served with <u>all</u> of the documents related to the

Complaint, the Notice of Suit and the Summons in this matter, in both English and Farsi, in accordance with the service provisions of the FSIA found at 28 U.S.C. §16008, *et seq*. Because the United States Department of State has previously required Letters Rogatory to diplomatically serve eight (8) of the instant Defendants, the *Ryan* Plaintiffs now ask the Court to issue such Letters Rogatory. Only after obtaining Letters Rogatory will the *Ryan* Plaintiffs be able to complete the requisite diplomatic service through the U.S. State Department, pursuant to the FSIA's §1608(b)(3)(A) for Agency and Instrumentality Defendants and pursuant to common law for the two Former Official Defendants.

##### II.     PRIOR INSTRUCTIONS FROM THE UNITED STATES DEPARTMENT OF STATE

The United States Department of State, Overseas Citizens Services, Office of Policy Review & Interagency Liaison is responsible for service of process via diplomatic channels. (*Source*: https://travel.state.gov/content/travel/en/legal/travel-legal-considerations/internl-judicial-asst/Service-of-Process.html (*last accessed June 20, 2021*)). In *Havlish v bin Laden, et al.*, 1:03-cv-9848(GBD)(FM), the State Department notified counsel that it would serve the same set of Political Subdivision Defendants through diplomatic channels pursuant to 28 U.S.C. §1608(a)(4), but that letters rogatory would be required to serve the same set of Agency and Instrumentality Defendants through diplomatic channels. A copy of the letter from William P. Fritzlen, U.S. Department of State, to Ruby J. Krajick, Clerk of the Court, dated January 25, 2013 is attached the accompanying motion as Exhibit B.

Mr. Fritzlen informed the Court that the State Department would serve the Political Subdivision Defendants by diplomatic channels pursuant to 28 U.S.C. §1608(a)(4). However, he instructed that the State Department would require letters rogatory in order to serve the Agency and Instrumentality Defendants through diplomatic channels. Motion Exhibit B.

### III.   THE *RYAN* PLAINTIFFS' ATTEMPTS TO SERVE THE DEFENDANTS

The methods of service under the FSIA are governed by Section 1608.

Service on a foreign state and its political subdivisions is governed by Section 1608(a) of the FSIA. Subsection (a) lists several methods of service in descending order of preference. The first two (2) methods of service in both subsections (a) and (b) are not applicable to the Islamic Republic of Iran.[1]

The third method of service under Section 1608(a) requires that a party such as the *Ryan* Plaintiffs send a copy of the initial pleading materials, together with certified translations into Farsi, to Iran "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of court." 28 U.S.C. §1608(a)(3).

Section 1608(b) governs service on a foreign state's agencies and instrumentalities. Section 1608(b) provides multiple, alternative methods of service. As with service on political subdivisions under 1608(a), the first two alternatives authorized by Section 1608(b) are not applicable to Iran or its agencies and instrumentalities.[2]

---

[1] The first two methods of service of initial pleading documents are "in accordance of a special arrangement for service between the plaintiff and the foreign state" or, if no special arrangement exists, by delivery of the documents "in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(a)(1)-(2). No "special arrangement" for service of initial pleading documents exists between the *Ryan* Plaintiffs and Iran. Indeed, Iran has never appeared to defend *any* claim in the courts of the United States brought by plaintiffs under the state sponsor of terrorism exception to sovereign immunity found at 28 U.S.C. §1605A. Further, Iran is not a signatory to any "applicable international convention on service of judicial documents." *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (*last accessed June 21, 2021*). *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6, at https://www.nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf (*last accessed June 21, 2021*).

[2] The first two methods of service of initial pleading documents under Section 1608(b) are (1) "in accordance of a special arrangement for service between the plaintiff and the agency or instrumentality," 28 U.S.C. §1608(b)(1), and (2) if no special arrangement exists, "by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents." 28 U.S.C. §1608(b)(2). No "special arrangement" for service of initial pleading documents exists between the *Ryan* Plaintiffs and any of the Agency and Instrumentality Defendants. Further, Iran is not a signatory to any "applicable

When the first two alternative methods are unavailable, Section 1608(b) authorizes plaintiffs to serve a foreign state's agencies and instrumentalities in any of three alternative ways. Plaintiffs are authorized to serve agencies and instrumentalities by letter rogatory, 28 U.S.C. §1608(b)(3)(A); by mail, returned receipt requested, 28 U.S.C. §1608(b)(3)(B); or by any other means the court authorizes. 28 U.S.C. §1608(b)(3)(C).

On March 19, 2021, counsel for the *Ryan* Plaintiffs hand-delivered seventeen (17) packages (one for each *Ryan* defendant plus a second service package directed to Defendant the Bank of Iran at an alternate address in Tehran) to the Foreign Mailings Clerk of Court for the Southern District of New York, who then dispatched all seventeen (17) packages provided by the *Ryan* Plaintiffs to Tehran, Iran via the United States Postal Service in compliance with Section 1608(a)(4), for the Political Subdivision Defendants, and Section 1608(b)(3)(B), for the Agency and Instrumentality Defendants. *See Ryan* Doc. No.s 27 through; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No.s 6688 through 6697 and 6715 through 6721).

The documents were sent to all *Ryan* defendants by U.S. Mail requiring a signed receipt, addressed and dispatched by the Clerk of Court pursuant to 28 U.S.C. §1608(a)(3), were: (1) a cover letter; (2) the Complaint, filed in the U.S. District Court for the Southern District of New York, dated January 10, 2020 (*Ryan* Docket No. 1); (3) Notice of Suit, pursuant to 22 C.F.R. 93.2, along with the text of FSIA, 28 U.S.C. § 1602, *et seq*.; and, (4) Summons in a Civil Action dated January 13, 2020 (*Ryan* Docket No. 6) and an Amended Summons dated July 31, 2020 (*Ryan* Docket No.17). The *Ryan* Plaintiffs' hand-delivery to the Foreign Mailings Clerk of Court

---

international convention on service of judicial documents." *See* Website of Hague Conference for Private International Law, Convention of 15 November 1965 on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Members of the Organization at http://www.hcch.net/index_en.php?act=conventions.status&cid=17 (*last accessed June 21, 2021*). *See also* United States District Court for the Southern District of New York, Foreign Mailing Instructions, pp. 5-6, at https://www.nysd.uscourts.gov/sites/default/files/2019-11/Foreign_Mailing_Instructions.pdf (*last accessed June 21, 2021*).

for the United States District Court for the Southern District of New York also included translations of each document into Farsi and affidavits by the translators.

If service by any form of mail requiring a signed receipt, addressed and dispatched by the clerk of court pursuant to §1608(a)(3) or §1608(b)(3)(B) is unsuccessful, the fourth method of service authorized under the FSIA is service through diplomatic channels via the Unite States Department of State pursuant to §1608(a)(4), for the Political Subdivision Defendants, and Section 1608(b)(3)(B), for the Agency and Instrumentality Defendants.

On July 26, 2021, the *Ryan* Plaintiffs caused the Clerk of this Court to dispatch to the U.S. State Department the *Ryan* pleadings and related documents for service upon each of Political Subdivision Defendants through diplomatic channels pursuant to 28 U.S.C. §1608(a)(4). The SDNY Clerk posted notices of these dispatches on the *Ryan* docket on July 6, 2021. *Ryan* Doc. Nos. 45-52. Notices of these dispatches was posted on the SDNY *In Re: 9/11 Terrorist Attacks*, MDL docket on July 12, 2021 at Doc. No.s 6939 through 6946.

The initial pleading documents sent to all *Ryan* defendants by United States Mail requiring a signed receipt, which were addressed and dispatched by the Clerk of Court in March 2021were (1) a cover letter; (2) the Complaint, filed in the U.S. District Court for the Southern District of New York, dated January 10, 2020 (*Ryan* Docket No. 1); (3) a Notice of Suit, pursuant to 22 C.F.R. 93.2, along with the text of FSIA, 28 U.S.C. § 1602, *et seq*.; and, (4) Summons in a Civil Action, dated January 13, 2020 (*Ryan* Docket No. 6) and July 31, 2020 (*Ryan* Docket No. 17). Plaintiffs' hand-delivery to the Foreign Mailings Clerk of Court for the United States District Court for the Southern District of New York also included translations of each document into Farsi and certified affidavits by the translators. *Id.*

The fourth method of service under the FSIA, should service under §1608(a)(3) not be effectuated, is service through diplomatic channels via the U.S. Department of State pursuant to either §1608(a)(4), for the Political Subdivision Defendants, and Section 1608(b)(3)(A), for the Agency and Instrumentality Defendants.

In the companion case of *Havlish, et al. v. bin Laden, et al.*, 1:03 Civ. 09848 (GBD)(FM), Mr. William P. Fritzlen, Attorney Advisor, Overseas Citizens Services, Office of Legal Affairs of the U.S. Department of State informed the S.D.N.Y. Clerk of Court via correspondence that service would only be effectuated on the eight (8) Political Subdivision Defendants. *See* Motion **EXHIBIT B**. Mr. Fritzlen informed the Clerk of the Court that the State Department would not serve entities that it considered "agencies and instrumentalities" or former Iranian officials through diplomatic channels without the Court first issuing letters rogatory under 28 U.S.C. §1608(b)(3)(A). The State Department the following Defendants requiring letters rogatory: (1) Ayatollah Ali Hoseini Khamenei, Supreme Leader of Iran; (2) Ali Akbar Hashemi Rafsanjani, Chairman, Expediency Discernment Counsel and former President of Iran; (3) National Iranian Tanker Corporation; (4) National Iranian Oil Corporation; (5) National Iranian Gas Corporation; (6) National Iranian Petrochemical Company; (7) Iran Airlines; and, (8) Hezbollah. The *Havlish* Plaintiffs thereafter filed a motion and memorandum of law for issuance of letters rogatory in the *Havlish* litigation, which this Court granted on April 9, 2013. *See Havlish, et al. v. bin Laden, et al.*, 1:03-cv-9848 (GBD)(FM), Document No. 376. The State Department then served the papers on the Agency and Instrumentality Defendants and the Former Official Defendants through diplomatic channels.

Plaintiffs in the companion case of *Hoglan, et al. v. Iran, et al.* also filed a Motion and Memorandum of Law for Issuance of Letters Rogatory in that litigation for service of their initial

pleadings on October 25, 2013, which this Court granted on November 27, 2013. *See Hoglan, et al. v. Iran, et al.*, 1:11-cv-07550 (GBD)(SN), Document No. 66; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 2802.  The *Hoglan* Plaintiffs also filed a motion and memorandum of law for issuance of letters rogatory for diplomatic service of their final compensatory damages judgment on September 18, 2018 (*Hoglan* Document No. 282; Memorandum of Law at Document No. 283; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No.s 4184 and 4185) which was granted on January 7, 2019 (*Hoglan* Document No. 293; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 4338).  The State Department subsequently relied on the letters rogatory to serve the Agency and Instrumentality Defendants and the Former Official Defendants through diplomatic channels.

In the related companion case of *Ray, et al. v. Iran, et al.*, S.D.N.Y. 1:19-cv-00012 (GBD)(SN), the *Ray* plaintiffs filed a motion and memorandum of law for issuance of letters rogatory for service of their initial pleadings on October 14, 2020 (*Ray* Doc. No. 63; Memorandum of Law, *Ray* Doc. No. 64; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No.s 6499 and 6500), which this Court granted on November 5, 2020.  *See Ray* Doc. No. 233; *In Re: 9/11 Terrorist Attacks*, MDL Doc. No. 6525.  Relying on those letters rogatory, the State Department again served the Agency and Instrumentality Defendants and the Former Official Defendants through diplomatic channels.

The *Ryan* Plaintiffs have successfully served the state and the Iranian Government Political Subdivision Defendants pursuant to 28 U.S.C. §1608(a)(4).  On July 26, 2021, after not receiving a return receipt in connection with their attempt to serve Iran and the Government Political Subdivision Defendants via mail pursuant to 28 U.S.C. §1608(a)(3), the *Ryan* Plaintiffs caused the Clerk of this Court to dispatch to the United States Department of State, via Federal Express, in separate packages, the *Ryan* pleadings and related documents for service upon each

of eight nation-state and Iranian Government Political Subdivision Defendants through diplomatic channels pursuant to 28 U.S.C. §1608(a)(4).  These packages were accompanied by checks from Plaintiffs' counsel for payment of the requisite State Department fees.  The SDNY Clerk posted notices of these dispatches on the *Ryan* docket on July 6, 2021.  *Ryan* Doc. Nos. 45-52.  Notices of these dispatches was posted on the SDNY *In Re: 9/11 Terrorist Attacks*, MDL docket on July 12, 2021 at Doc. No.s 6939 through 6946.

The *Ryan* Plaintiffs now come and respectfully request that this Court again issue Letters Rogatory so that required service of the Complaint and accompanying service documents can be effectuated through diplomatic channels with the assistance of the United States Department of State.

## IV. LEGAL ARGUMENT

### A. THE ISSUANCE OF LETTERS ROGATORY BY THIS COURT IS NECESSARY FOR THE *RYAN* PLAINTIFFS TO COMPORT WITH THE SERVICE REQUIREMENTS OF THE FSIA

"FSIA Plaintiffs are… required by statute to serve their initial complaint and summons upon defendants, 28 U.S.C. §1608(a), and because defendants in these cases often cannot be served by traditional methods, plaintiffs must rely on – and pay – the State Department for such service. *Id.* at §1608(a)(4)"  *Murphy v. Islamic Republic of Iran*, 778 F.Supp.2d 70, *FN* 1. (D.D.C. 2011).  This requirement of service "ensure[s] that having been served with an initial complaint and declining to participate in the litigation[,] a foreign state or entity remains protected by the requirement that a plaintiff substantiate her claim" and that foreign property interests are preserved "by insisting upon prompt notification of any entry of judgment that might put such interests at risk."  *Murphy*, 778 F.Supp.2d at 72.

Rather than serve all of the sovereign defendants in their action, the *Murphy* Plaintiffs requested that they be permitted to serve only Iran with the judgment, since the other defendants in the case were found to be the equivalent of Iran for purposes of liability. The *Murphy* Plaintiffs also proposed to only attach and execute upon property of Iran itself, in lieu of serving each individual Iranian defendant with notice of their judgment. The court rejected both requests, holding that <u>all</u> sovereign defendants in an FSIA action must be served with the judgment in order to comply with not only the provisions regarding service, but the provisions regarding attachment of, and execution upon, defendants' property. "Had Congress wished to selectively choose those defendants upon which they would serve then seek enforcement, it would have provided such a mechanism. It did not…[t]hus, no Order permitting the execution of plaintiffs' judgment will be entered in this case until all defendants have been served with the final judgment and given an opportunity to respond." *Id.*

The *Ryan* Plaintiffs, both under statutory and case law, are obligated to serve all Defendants in this action with their Complaint and accompanying service documents. Because the Agency and Instrumentality Defendants and Former Official Defendants could not be served by mail, returned receipt requested, they must now be served through diplomatic channels. As explained by Mr. Fritzlen, the State Department requires letters rogatory to serve the Agency and Instrumentality Defendants and the Form Official Defendants. For this reason, the *Ryan* Plaintiffs respectfully request that this Court issue the requisite Letters Rogatory that will allow the Department of State to serve those Defendants.

V. <u>CONCLUSION</u>

For the reasons stated above, the *Ryan* Plaintiffs respectfully request that this Honorable Court enter the attached proposed Order GRANTING the *Ryan* Plaintiffs' request for the

issuance of Letters Rogatory to be forwarded to the Islamic Republic of Iran by the U.S. Department of State, along with the *Ryan* Plaintiffs' Complaint and supporting documents and translations.

The issuance of Letters Rogatory by this Court will assist the *Ryan* Plaintiffs in effectuating service of their Complaint documents upon all of the *Ryan* Defendants.

Respectfully submitted,

**BEGLEY, CARLIN & MANDIO, LLP**

Date:  September 22, 2021          By:          */s      Stephen A. Corr*

Stephen A. Corr, Esquire
Pa. Bar No. 65266
680 Middletown Boulevard
Langhorne, PA  19047
(215) 750-0110
scorr@begleycarlin.com