# WIGGINS CHILDS
## PANTAZIS FISHER GOLDFARB
Advocates & Litigators

ROBERT L. WIGGINS, JR.
DENNIS G. PANTAZIS
ANN K. WIGGINS
SAMUEL FISHER
DEBORAH A. MATTISON
JON C. GOLDFARB
GREGORY O. WIGGINS
ROCCO CALAMUSA, JR
BRIAN CLARK
RUSSELL W. ADAMS
CRAIG L. LOWELL
CANDIS A. McGOWAN
TEMPLE D. TRUEBLOOD
H. WALLACE BLIZZARD
KEVIN W. JENT
JENNIFER WIGGINS SMITH
ROBERT J. CAMP
RACHEL LEE McGINLEY
JOSHUA R. GALE*
L. WILLIAM SMITH
D.G. PANTAZIS JR.
SIDNEY JACKSON
PATRICK L. PANTAZIS
LACEY DANLEY
CHRISTINA MALMAT
LIESELOTTE CARMEN-BURKS
ERIC C. SHEFFER
NICKI L. LAWSEN

TIMOTHY B. FLEMING*
TERRILL W. SANDERS
OF COUNSEL
*Not Licensed in Alabama

ROBERT F. CHILDS, JR.
(1947-2018)

November 17, 2022

**VIA ECF**

Honorable Sarah Netburn
United States Magistrate Judge
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

Re:  *In Re Terrorist Attacks on Sept. 11, 2001*, 03-MDL-1570 (GBD)(SN)
*Ashton, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-6977 (GBD)(SN)
*Bauer, et al. v. al Qaeda Islamic Army, et al.*, 02-cv-07236 (GBD)(SN)
*Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-cv-00266 (GBD)(SN)
*Ashton, et al. v. Kingdom of Saudi Arabia*, 17-cv-2003 (GBD)(SN)

Letter re: Order, MDL Doc. No. 8703

Dear Magistrate Judge Netburn:

We are submitting this Letter in preparation for the November 18, 2022 hearing concerning your Order of November 4, 2022 (MDL Doc. No. 8703) addressing the severance of claims pending in the MDL on behalf of Patricia Ryan, Kristin Ryan, Colin Ryan, Laura Ryan, Katherine Maher, Daniel Maher, and Joseph Maher ("Involved Plaintiffs").

We have gone back and reviewed all of the documents and concluded that we, the undersigned attorneys, misunderstood the Court's intent in its Order dated November 26, 2019 (MDL Doc. No. 5312).

Without belaboring the details, our actions were based upon a misinterpretation of the Court's Order, and not on any litigation strategy decision to jettison any claims of the Involved Plaintiffs, as demonstrated by our motion and proposed

November 17, 2022
Page 2

order filed on January 8, 2020,[1] and further by our October 17, 2022 letter motion filed at MDL Doc. No. 8644.[2]

Accordingly, this misunderstanding is our (the attorneys') error and we submit that the affected Plaintiffs have not been, nor should they be, harmed in any way. We propose the following solution and look forward to discussing it at the November 18 hearing:

    First, sever the Involved Plaintiffs' claims against the Taliban and all other defendants that are currently named in the Sixth Amended Consolidated Master Complaint pending in Case No. 02-cv-06977 ("*Ashton* 02-cv-06977") and Case No. 02-cv-07236 ("*Bauer* 02-cv-07236") (except for claims against the Taliban by Daniel and Joseph Maher, who are already plaintiffs in *Grazioso, et al. v. the Taliban, et al.*); open a new case with a separate case number that remains part of the MDL ("New *Maher* Al Qaeda Case"); and transfer to, and make applicable in and binding upon, the New *Maher* Al Qaeda Case all complaints, service events, motions, orders, stipulations, discovery, and all other proceedings that took place and all filings that were made in, and applicable to, *Ashton* 02-cv-06977 and *Bauer* 02-cv-07236 prior to the date on which the Court enters the order severing the Involved Plaintiffs' claims pursuant to this proposal.

---

[1] Our January 8, 2020 motion and proposed order, MDL Doc. Nos. 5464 and 5464-2, were written throughout to address the Iran claims, including the following, and never mentioned the Taliban or Saudi Kingdom claims:
- … [I]n this motion, the newly the newly proposed *Ryan* Plaintiffs seek two forms of order from the Court. First, as stated above, the *Ryan* Plaintiffs request that their existing judgments against the Islamic Republic of Iran … be preserved …. (Motion, ¶11).
- Second, the *Ryan* Plaintiffs seek permission to assert in this Complaint their claims against the above-stated thirteen (13) or fifteen (15) additional political subdivisions, high office holders, and agencies or instrumentalities of the Islamic Republic of Iran. (*Id.*).
- WHEREAS, … the *Ryan* Plaintiffs … have moved this Court for an Order to file a new associated case to be entered into this MDL proceeding and transfer or carry over their existing judgments in such cases to such new associated case …. (Proposed Order, p. 2.).
- WHEREAS, … said Plaintiffs desire to pursue to conclusion all their unresolved damages claims raised in the above-listed cases …." (*Id.*).

[2] In that letter motion, we stated that no order of the Court had been requested or entered dismissing the Ryan's and Maher's claims against the Taliban or any of the Saudi defendants in *Bauer/Ashton*. We did not understand any objection to have been lodged in *Bauer* or *Ashton* regarding the continuing presence of the Ryan and Maher Plaintiffs' Taliban and Saudi claims in *Bauer/Ashton*. We were apparently mistaken, but no such objections were raised when the Ryan and Maher Plaintiffs filed motions for default judgment against the Taliban both on February 1, 2022, and again on March 16, 2022. MDL ECF Doc. Nos. 7643, 7758-7759. The issue was not noted in the Court's Order of July 11, 2022, MDL ECF Doc. No. 8198, permitting re-filing of all plaintiffs' motions for default judgment against the Taliban. That, of course, is not the fault of the Court but is noted only to indicate that counsel did not realize that there was such an issue at that time.

  Second, sever the Involved Plaintiffs' claims against the Kingdom of Saudi Arabia in the First Amended Consolidated Complaint pending in Case No. 17-cv-2003 ("*Ashton* 17-cv-2003") (including the claims against Kingdom by Daniel and Joseph Maher); open a new case with a separate case number that remains part of the MDL ("New *Maher* JASTA Case"); and transfer to, and make applicable in and binding upon, the New *Maher* JASTA Case all complaints, service events, motions, orders, stipulations, discovery, and all other proceedings that took place and all filings that were made in, and applicable to, *Ashton* 17-cv-2003 prior to the date on which the Court enters the order severing the Involved Plaintiffs' claims pursuant to this proposal.

  Third, confirm in such severance order that all pending complaints, service events, orders, stipulations, defaults, default judgments and all other matters that were applicable to, and binding upon, the Involved Plaintiffs in *Ashton* 02-cv-06977, *Bauer* 02-cv-2003, and *Ashton* 17-cv-2003 remain applicable to and binding upon the Involved Plaintiffs in the New *Maher* Al Qaeda Case and the New *Maher* JASTA Case such that the current status of the Involved Plaintiffs' claims in Ashton 02-cv-06977 and Ashton 17-cv-2003 continues to be the status of their claims in the New *Maher* Al Qaeda and the New *Maher* JASTA Case in a way that avoids the need to file and serve new complaints in the new cases.

We believe that this procedure is consistent with the practices other courts have used when severing parties and their claims from pending cases and transferring those claims to other cases, that the procedure will accomplish what the Court contemplated in its November 26, 2019 Order, and that it will preserve the Involved Plaintiffs' claims, as well as the current status of those claims, against all of the defendants named in *Ashton* 02-cv-06977 (Dkt. No. 465) and in *Ashton* 17-cv-2003 (Dkt. No. 20).

These are precisely the actions that we would have taken in response to the Court's November 26, 2019 Order had we understood it at the time. Thus, we propose doing so now, admittedly belatedly, to effectuate the Court's intent in that Order.

Preserving the clients' claims will not prejudice the Baumeister & Samuels clients nor will the Baumeister & Samuels, P.C., attorneys be prejudiced.

The undersigned attorneys have been representing the Involved Clients in connection with all claims against all defendants since August 28, 2019.

We have consulted with the PECs and secured their agreement concerning this proposal. We have also provided a draft of this letter to Baumeister & Samuels, P.C., and have discussed it with those attorneys.

We also recognize that we have inconvenienced the Court and caused it to expend precious judicial resources on this matter, particularly at a time when there is a great deal of activity in the MDL. We apologize to the Court and all parties affected.

November 17, 2022
Page 4

We want to be clear that we were, at all times, attempting to follow the Court's Order as we understood it in the context of our motion, and we regret our misunderstanding.

Date: November 17, 2022						Respectfully Submitted,

						/s/ Timothy B. Fleming
						Timothy B. Fleming (DC Bar No. 351114)
						WIGGINS CHILDS PANTAZIS
						FISHER GOLDFARB PLLC
						2202 18th Street, NW, #110
						Washington, DC 20009-1813
						tfleming@wigginschilds.com

						/s/ Dennis G. Pantazis
						Dennis G. Pantazis (AL Bar No. ASB-2216-A59D)
						WIGGINS CHILDS PANTAZIS
						FISHER GOLDFARB LLC   (lead counsel)
						The Kress Building
						301 Nineteenth Street North
						Birmingham, Alabama 35203
						(205) 314-0500
						dgp@wigginschilds.com

						*Attorneys for Plaintiffs Patricia Ryan, as Personal Representative of the Estate of John J. Ryan, Deceased, Patricia Ryan, individually in her own right, Kristen Ryan, Laura Ryan, Colin Ryan, Katherine Maher, as Personal Representative of the Estate of Daniel L. Maher, Deceased, Katherine Maher, individually in her own right, Daniel Maher, and Joseph Maher*