# LAW OFFICE OF JOHN F. SCHUTTY, P.C.

445 Park Avenue, Ninth Floor
New York, New York 10022
Telephone: (646) 345-1441  Fax: (917) 591-5980
john@johnschutty.com

January 24, 2023                                                      **Via ECF**

Honorable Sarah Netburn
United States Magistrate Judge
40 Foley Square, Room 430
New York, NY 10007

> Re:  *In re Terrorist Attacks on September 11, 2001*
> MDL No. 03-MDL-1570 (GBD) (SN)
> *Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (GBD)(SN)
> (and member case *Bauer et al. v. al Qaeda Islamic Army, et al.*, 02-cv-7236)
> *Ashton, et al. v. Kingdom of Saudi Arabia,* 17-cv-02003 (GBD)(SN)
> <u>*Ryan, et al. v. Islamic Republic of Iran, et al.*, 20-cv-00266 (GBD) (SN)</u>

Dear Judge Netburn:

I write in response to attorney Dorothea Capone's January 23, 2023 letter to the Court (MDL ECF# 8838) regarding the undersigned attorney's request for an Order for the substitution of counsel based on the consent of the clients, the outgoing attorney and the incoming attorney.

Ms. Capone's letter arises out of 'confusion' about the status of the claims asserted by her *former* clients – the state-qualified heirs of the decedent, John Ryan, Jr. – claims asserted by his widow and personal representative, Patricia Ryan, and their three children, Laura Ryan, Colin Ryan and Kristen Ryan – hereinafter "the Ryan Plaintiffs"). Ms. Capone and her firm no longer represent the Ryan Plaintiffs and she and her firm had (and have) no standing to request that the Ryan Plaintiffs be "terminated" from pending legal actions (through the prior attorney substitution, Ms. Capone's law firm was "terminated," not the clients' claims in two pending *Ashton* legal actions). On page 4 of her letter filed yesterday, Ms. Capone summarily states her position (emphasis in original):

> **As such, the status of the Ryan Plaintiffs claims remains the same as it was before the hearing on November 18, 2022: there are no claims for the Ryan Plaintiffs in *Ashton/Bauer* . . .** the Ryan Plaintiffs' claims were removed from this action more than three years ago.

Ms. Capone is plainly incorrect. In fact, despite all of the filings (cited at length in attorney Capone's letter) related to the Ryan Plaintiffs and the attempts by counsel to transfer the Ryan claims to attorney Pantazis over the last three years, the claims of the Ryan Plaintiffs asserted in the *Ashton* Complaints were never effectively "terminated," "dismissed" or "transferred" from the *Ashton* actions. The Ryan Plaintiffs previously sought only the *transfer* of their claims from their then-outgoing attorneys (Baumeister & Samuels), to their then-incoming attorney, Dennis Pantazia, Esq. (of Wiggins, Childs, Pantazis, Fisher & Goldfarb LLC), a transfer of claims that never, in fact, *properly* occurred.

Magistrate Judge Sarah Netburn
January 24, 2023, Page 2

What transpired during the ongoing dispute between the then-outgoing Baumeister firm and the then-incoming Wiggins firm was that the Ryan Plaintiffs' claims were improperly "terminated" from *Ashton et al. v. al Qaeda Islamic Army*, *et al.*, 02-cv-6977 (rather than transferred to a new attorney) without regard to the Federal Rules of Civil Procedure.[1]

Fed. R. Civ. P. 41 requires either a "voluntary dismissal" (by a plaintiff's consent) or an "involuntary dismissal" ("[i]f the plaintiff fails to prosecute or to comply with these rules or a court order").  Since neither of the conditions required by Rule 41 were met, the Ryan Plaintiffs' claims in the *Ashton* actions could not be (and should not have been) "terminated' or "dismissed" based alone on an outgoing or incoming attorney's request.  While this Court did, indeed, heed to a suggestion that the Ryan Plaintiffs' claims be "terminated" from the *Ashton* Master Complaint, this Order (MDL ECF#5312) was the result of improper prodding by the then-outgoing and then-incoming law firms) *without regard to Rule 41 or any other federal rule*.  The Order for attorney substitution just submitted to the Court seeks to correct this mistake through the following language (emphasis added) in the proposed Order (ECF MDL#8836):

> The substitution of attorney is hereby approved and so ORDERED, and the Clerk of the Court is ORDERED to transfer the Ryan Plaintiffs' claims (claims of Patricia Ryan, Laura Ryan, Colin Ryan, and Kristen Ryan) asserted against the Islamic Republic of Iran back to the *Ashton* Master Complaint (*Ashton et al. v. al Qaeda Islamic Army, et al.*, 1:02-cv-6977 (GBD)(SN)) from *Ryan, et al. v. Islamic Republic of Iran, et al.*, 1:20-cv-00266 (GBD) (SN) – specifically, all claims asserted against Iran in that *Ryan* action, including an "Order of Partial Final Default Judgments" dated February 21, 2020 (ECF #10 in *Ryan, et al. v. Islamic Republic of Iran, et al.*, 1:20-cv-00266 (GBD) (SN); MDL ECF #5999) – **and the Clerk is ORDERED to remove the word "Terminated" from the *Ashton* docket sheet next to the names of Patricia Ryan, Laura Ryan, Colin Ryan and Kristen Ryan and restore them on the *Ashton* docket sheet.**

While it is true that attorney Dennis Pantazis advised the Court in a letter filed January 8, 2020 (MDL ECF#5465, p. 15) that, in requesting leave to file a new action against Iran,[2] "[a]ll of the Ryan Plaintiffs have voluntarily withdrawn their claims from the *Ashton*, *Bauer* and *Burnett* actions," that claim apparently was made in error; it was made without a Rule 41 filing of consent by the Ryan Plaintiffs as to the withdrawal of all claims against all Defendants.  In other words, the "termination" or claimed "withdrawal" of claims was made without regard to proper procedure.

---

[1]     It is significant that the Ryan Plaintiffs' claims in *Ashton, et al. v. Kingdom of Saudi Arabia,* 17-cv-02003, were never terminated or dismissed, while the original substitution of counsel was recognized in that action.

[2]     On November 26, 2019, Your Honor ordered the Wiggins law firm to have the proposed *Ryan* Plaintiffs transfer their existing claims to "a new member case associated with the *Havlish* action…." (1:03-md-01570, Doc. No. 5312.).  The latter action was, however, never completed.

Magistrate Judge Sarah Netburn
January 24, 2023, Page 3

The simple fact is – the timely claims of the Ryan Plaintiffs against each of the Defendants in the *Ashton* actions could not be "terminated," "dismissed" or properly "withdrawn" unless the Ryan Plaintiffs were simultaneously placed "in a new home," since the claims would otherwise be in an impermissible interim limbo, a limbo not contemplated by the Federal Rules of Civil Procedure, or the Order granting the original attorney substitution.

Attorney Pantazis began to realize, belatedly, that the Ryan Plaintiffs claims had never been properly terminated/dismissed from the *Ashton* actions (*see* MDL ECF#8637 and 8759[3]), and although attorney Pantazis subsequently *proposed* several mechanisms to "remove" the Ryan Plaintiffs from the *Ashton* actions (*see, e.g.*, MDL ECF#8786), none of his suggested mechanisms were ever activated, with the result that the Ryan Plaintiffs never left the *Ashton* actions. Although further filings occurred over the last few months regarding *proposed* mechanisms for "transferring" the claims of the Ryan Plaintiffs (*see* MDL ECF##8786, 8794 and 8796), nothing properly moved the Ryan Plaintiffs from the *Ashton* actions.

Since the Consent Order and Declaration filed by my office on January 20 (MDL ECF#8836 and 8836-1), seeking the substitution of attorneys for the Ryan Plaintiffs, fully comport with Rule 1.4 of the Local Rules of the United States District Court for the Southern District of New York, and since the Ryan Plaintiffs' claims were never effectively transferred out of the *Ashton* actions, I ask that the Consent Order (as well as the Consent Order for the substitution of attorneys for the Breitweiser family – MDL ECF#8835) be signed and filed as soon as possible in both *Ashton* actions.[4]

Sincerely yours,

*John F. Schutty*

---

[3]     ECF MDL#8759 (Pantazis Letter to Court dated Nov. 17, 2022 at 2, n.2): "In that letter motion [MDL ECF#8644], we [Wiggins] stated that no order of the Court had been requested or entered dismissing the Ryan's and Maher's claims against the Taliban or any of the Saudi defendants in *Bauer/Ashton*. We did not understand any objection to have been lodged in *Bauer or Ashton* regarding the continuing presence of the Ryan and Maher Plaintiffs' Taliban and Saudi claims in *Bauer/Ashton* . . . counsel did not realize that there was such an issue at that time."

[4]     I will address the letter of James Kreindler, Esq. filed yesterday (MDL ECF#8844) briefly and only to advise that I did, indeed, seek Mr. Kreindler's additional consent to the requested attorney substitution as he was/is lead counsel for the *Ashton* plaintiffs. In an exchange of emails, attorney Kreindler advised me that while he, personally, had no objection to the substitution and proposed Order, since his firm was never retained by these clients, and given the current proceedings involving his firm, he and his firm were not in a position to sign anything as "MDL Liaison Counsel."