```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/17/2023
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

In re:

TERRORIST ATTACKS ON
SEPTEMBER 11, 2001

03-MD-01570 (GBD)(SN)

**ORDER**

----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

<div style="margin-left:2em">

Federal Insurance Co., et al. v. al Qaida, et al., No. 03-cv-06978
Vigilant Insurance Co., et al. v. Kingdom of Saudi Arabia, et al., No. 03-cv-08591
Thomas Burnett, Sr., et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 03-cv-09849
Estate of John P. O'Neill, Sr., et al. v. Kingdom of Saudi Arabia, et al., No. 04-cv-01922
Continental Casualty Co., et al. v. Al Qaeda, et al., No. 04-cv-05970
Cantor Fitzgerald Assocs., et al. v. Akida Inv. Co., et al., No. 04-cv-07065
Pacific Employers Insurance Co., et al. v. Kingdom of Saudi Arabia, et al., No. 04-cv-07216
Euro Brokers Inc., et al. v. Al Baraka Inv. & Dev. Corp., et al., No. 04-cv-07279
Beazley Furlonge Ltd. v. Saudi Binladin Group, Inc., et al., No. 16-cv-07456
Bowrosen, et al. v. Kingdom of Saudi Arabia, No. 16-cv-08070
McCarthy, et al. v. Kingdom of Saudi Arabia, No. 16-cv-08884
Aguilar, et al. v. Kingdom of Saudi Arabia, et al., No. 16-cv-09663
Addesso, et al. v. Kingdom of Saudi Arabia, et al., No. 16-cv-09937
Hodges, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-00117
DeSimone v. Kingdom of Saudi Arabia, No. 17-cv-00348
Aiken, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-00450
Ashton, et al. v. Kingdom of Saudi Arabia, No. 17-cv-02003
The Underwriting Members of Lloyd's Syndicate 53, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-02129
The Charter Oak Fire Insurance Co., et al. v. Al Rajhi Bank, et al., No. 17-cv-02651
General Reinsurance Corp., et al. v. Kingdom of Saudi Arabia, No. 17-cv-03810
Abarca, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-03887
Arrowood Indemnity Co. v. Kingdom of Saudi Arabia, et al., No. 17-cv-03908
Abrams, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-04201
Abtello, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-05174
Aasheim, et al. v. Kingdom of Saudi Arabia, et al., No. 17-cv-05471

</div>

The Court recently issued a schedule for renewed motions to dismiss by Defendants the Kingdom of Saudi Arabia (the "Kingdom") and Dallah Avco. ECF No. 8896.[1] It then asked the Kingdom, Dallah Avco, the Plaintiffs' Executive Committees (the "PECs"), and counsel for Ashton, et al. v. Kingdom of Saudi Arabia, No. 17-cv-02003 ("Ashton"), to submit proposals for page limits and other details related to these motions. See ECF Nos. 8923, 8987, 8988, 8989, 8990. The Court held a hearing to discuss the issues raised in the parties' letters. After carefully considering the parties' positions, the need to provide all litigants with a full and fair hearing, and the Court's interest in reasonably managing this complex litigation, it issues this Order governing the parties' motion practice.

The Kingdom's motion is the primary point of contention. The parties disagree on the number of pages their briefs deserve and how those pages should be allocated among the Kingdom, the PECs, and Ashton counsel. In particular, the Kingdom objects to any separate briefing by Ashton counsel.

This issue arises because the plaintiffs assert claims against the Kingdom in two separate complaints—the Consolidated Amended Complaint (the "CAC"), ECF No. 3463, and the Ashton Complaint, No. 17-cv-02003 at ECF No. 1—each incorporating many parties with significant interests in this case. And although the PECs represent the interests of *all* plaintiffs, they are asserting those interests only via the CAC. See ECF No. 248. Ashton counsel, of course, represent the interests of the families party to the Ashton complaint. The CAC and Ashton plaintiffs are aligned in seeking to survive the Kingdom's renewed motion to dismiss. But the PECs and Ashton counsel intend to present separate versions of the facts and legal arguments in

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

favor of jurisdiction. In the interests of affording all plaintiffs an opportunity to be heard, the Court will permit Ashton counsel to brief the Kingdom's motion separately from the PECs. The Kingdom will be afforded additional (but not equal) space to respond to the arguments in the PECs' and Ashton counsel's (together, "Plaintiffs") briefs.

The parties also jockey for additional space by invoking their differing burdens. With jurisdictional discovery complete, the Kingdom has the burden of persuading the Court that it lacks jurisdiction, see Robinson v. Government of Malaysia, 269 F.3d 133, 141 (2d Cir. 2001), but the Plaintiffs have the burden of producing "an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 197 (2d Cir. 1990). Plaintiffs (who objected to filing averments of facts up front) intend to submit averments with their opposition briefs. Anticipating that Plaintiffs may file extensive averments, the Kingdom expressed concern that it would have insufficient time and space to address the facts and legal theories that it will be responding to for the first time on reply. See ECF No. 9009 at 11:1–14:14. Plaintiffs, for their part, worried that they would have no chance to respond to potentially dispositive arguments raised in the Kingdom's reply brief. See id. at 18:6–12. To remedy this, the Plaintiffs sought to file cross-motions to establish jurisdiction with their opposition briefs, which would allow them to file reply briefs in support of their cross-motions after the Kingdom's reply in support of its motion to dismiss.[2] Id. at 19:22–20:4.

---

[2] The Kingdom disputes Plaintiffs' authority to file cross-motions to establish jurisdiction. See ECF No. 8987 at 2. Post-discovery jurisdictional issues can be resolved via motions to dismiss or summary judgment. Ball, 902 F.2d at 197. The Kingdom is pursuing the former, but Plaintiffs could invoke the latter by filing a "cross-motion for summary judgment" "on the issue of jurisdiction." Id.

The Court recognizes the burdens on each side and the parties' resulting concerns. To address them, it adjusts the requirements for the parties' briefs. The Kingdom will be permitted to file an opening brief of up to 30 pages. The PECs and Ashton counsel may file opposition briefs of up to 45 and 35 pages, respectively.[3] The Kingdom will be afforded a longer reply brief of up to 60 pages and may raise arguments not included in its opening brief. The PECs and Ashton counsel may then file sur-replies of up to 15 and 10 pages, respectively, challenging arguments made in the Kingdom's reply. These sur-replies will be due February 9, 2024.[4]

As for Dallah Avco's motion, the Court adopts the parties' joint page-limit proposals. Dallah Avco may file an opening brief of up to 40 pages; the PECs may file an opposition brief of up to 40 pages; and Dallah Avco may file a reply brief of up to 20 pages.

The parties' briefs on both motions must set forth all pertinent facts. This may not be accomplished by incorporating by reference other documents such as declarations or averments of facts. Instead, briefs must state all facts relevant to the motion and, for each factual statement, provide one or more citations (with specific page or paragraph numbers) to pleadings, declarations, affidavits, averments, or other documents that have been separately filed. The Court declines to impose page or paragraph limitations on parties' averments or declarations, but for the purposes of this motion will consider only averments cited in the briefs.

Each party may submit, attached to a separately filed attorney declaration, a chart setting forth objections to evidence proffered or cited by an opposing party in its previous filing. Each

---

[3] The PECs and Ashton counsel may reallocate their allotted pages by mutual agreement so long as, together, their opposition briefs do not exceed 80 pages and their sur-reply briefs do not exceed 25 pages.
[4] The Court opts to schedule sur-replies instead of endorsing the Plaintiffs' cross-motion schedule. This solution addresses Plaintiffs' concerns and avoids the confusion associated with discussing "opposition briefs" and "reply briefs" when the parties are simultaneously briefing staggered motions.

entry on the chart should state the title of the document, the MDL docket number (and, where relevant, page or paragraph numbers), and the objection (e.g. "hearsay"). No legal argument should be included. If complex evidentiary issues arise, the Court will consider whether additional briefing is warranted.

## CONCLUSION

The Court modifies the briefing schedule for the Kingdom's motion and imposes the following page limits for the parties' briefs:

- October 6, 2023: the Kingdom's motion to dismiss (30 pages)
- December 8, 2023: the PECs' opposition (45 pages) and Ashton counsel's opposition (35 pages)
- January 19, 2024: the Kingdom's reply (60 pages)
- February 9, 2024: the PECs' sur-reply (15 pages) and Ashton counsel's sur-reply (10 pages)

Plaintiffs are strongly encouraged to coordinate to reduce duplicative filings and arguments.

The Court imposes the following page limits for Dallah Avco's motion:

- October 6, 2023: Dallah Avco's motion to dismiss (40 pages)
- December 8, 2024: the PECs' opposition (40 pages)
- January 19, 2024: Dallah Avco's reply (20 pages)

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   April 17, 2023
         New York, New York

5