UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re Terrorist Attacks on September 11, 2001 | 03 MDL 1570 (GBD) (SN) |

This document relates to:

*Havlish, et al. v. Bin Laden, et al.*, No. 03-cv-9848 (GBD)(SN)
*John Does 1 Through 7 v. The Taliban, et al.*, No. 20-mc-0740 (GBD)(SN)
*Fed Ins. Co., et al. v. Al Qaida, et al.*, No. 03-cv-6978 (GBD)(SN)
*Smith v. The Islamic Emirate of Afghanistan, et al.*, No. 01-cv-10132 (GBD)(SN)
*Ashton et al. v. al Qaeda Islamic Army, et al.*, No. 02-cv-6977 (GBD)(SN)
*Burlingame, et al. v. Bin Laden, et al*. No. 02-cv-07230 (GBD)(SN)
*Bauer, et al. v. Al Qaeda Islamic Army, et al*. No. 02-cv-07236 (GBD)(SN)

**JOINT CREDITORS' RESPONSE IN OPPOSITION TO THE ASHTON PLAINTIFFS' MOTION TO AUTHORIZE ALTERNATIVE SERVICE OF PARTIAL FINAL JUDGMENTS AGAINST THE TALIBAN AND DAB**

Judgment Creditors Fiona Havlish, *et al.* (the "Havlish Creditors"), John Does 1 through 7 (the "Doe Creditors"), Federal Insurance Company, *et al.* (the "Federal Insurance Creditors"), and Estate of Smith, *et al.* (the "Smith Creditors) (collectively, the "Joint Creditors"), by and through their undersigned counsel, respond to the Ashton Plaintiffs' December 12, 2024 Motion to Authorize Alternative Service of Partial Final Judgments Against the Taliban and Da Afghanistan Bank ("DAB") ("Motion," MDL Dkt. 10626).

The Joint Creditors respond to identify a legal infirmity that undermines the validity of the Ashton Plaintiffs' request for service.

## I.

The Ashton Plaintiffs ask the Court to authorize service of their default judgments on the Taliban and Da Afghanistan Bank ("DAB") for two expressly stated reasons. First, they seek to give both the Taliban and DAB "notice of the partial final judgments against the Taliban." Motion ¶ 6. Second, they seek to give both the Taliban and DAB notice of their "intent to [] move for execution of the judgments and turnover of the assets of the Taliban currently held in a DAB account at the New York Federal Reserve Bank." *Id*. Their proposed "Notice of Default Judgments" emphasizes this dual purpose. After informing the Notice's intended recipients that the Court has entered "Orders granting partial final judgments against the Taliban for its support of Al Qaeda and the 9/11 terrorist attacks in the United States," the Notice further states:

> You have 60 days to respond to the Court's Order of judgement, after which time, Plaintiffs will move for a Turnover of assets of the Taliban held in the Da Afghanistan Bank account at the New York Federal Reserve Bank in New York, NY, USA as partial satisfaction of the above-described judgment on damages.

1

II.

The Joint Creditors take no position concerning the Ashton Plaintiffs' request to notify the Taliban and DAB that default judgments have been entered against the Taliban – except to note that DAB is not a defendant in any of their actions and no judgment has been entered against DAB.

III.

The Joint Creditors do, however, oppose the Ashton Plaintiffs' Motion to the extent they intend to argue that serving the Taliban and DAB with the Notice of Default Judgments constitutes valid notice of a future turnover motion for purposes of NY CPLR 5225(b) or 5227. First, the proceeding that the Ashton Plaintiffs state they intend to file is not currently permitted under this Court's February 21, 2023 order and in light of the still-pending appeals from it. Second, even if the proceeding were allowed, because the Ashton Plaintiffs have not filed a turnover motion (and under current circumstances could not do so), serving the Notice of Default Judgments would not satisfy New York law relating to notices of turnover proceedings.

    **A.**     **The Court's February 21, 2023 Decision that It Does Not Have Subject Matter Jurisdiction over Enforcement Proceedings Targeting the DAB Assets Continues to Control Enforcement Efforts.**

On February 21, 2023, the Court entered an order governing efforts by the Joint Creditors and the Ashton Plaintiffs to execute against the assets held in DAB's account at the Federal Reserve Bank of New York (the "Assets"). MDL Dkt. 8866 at 1. In that order, the Court determined that it lacked subject matter jurisdiction over the execution proceedings, both because DAB's sovereign immunity divested the Court of jurisdiction, *id*. at 17-18, 22, and because authorizing turnover would violate Constitutional provisions governing the President's recognition authority. *Id*. at 29. The decision applied not only to the Joint Creditors' pending motions for turnover, but also to the Ashton Plaintiffs' motion to attach the Assets. *Id*. at 30.

2

The Joint Creditors and the Ashton Plaintiffs both appealed. *See* MDL Dkts. 8881, 8883, 8915, 8950; Dkt. 105 in *Smith v. Islamic Emirate of Afghanistan*, No. 01-CV-10132 (S.D.N.Y.). Their appeals are currently pending in the Court of Appeals. Although the Second Circuit held oral argument in October 2024, it has not yet decided the case. Thus, for now, the Court's February 21, 2023 decision is the controlling authority with respect to efforts to execute against the Assets, including any efforts to commence new turnover proceedings against the Assets. *See Deering Milliken, Inc. v. F.T.C.*, 647 F.2d 1124, 1129 (D.C. Cir. 1978) ("It is well established that the District Court is without jurisdiction to alter a judgment of its own while an appeal therefrom is ongoing. But it is equally clear that the vitality of that judgment is undiminished by pendency of the appeal. Unless a stay is granted either by the court rendering the judgment or by the court to which the appeal is taken, the judgment remains operative.").

Under settled precedent, a notice of appeal "divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982). The rule "has the salutary purpose of preventing the confusion and inefficiency which would of necessity result were two courts to be considering the same issue or issues simultaneously." *Venen v. Sweet*, 758 F.2d 117, 121 (3d Cir. 1985). The rule also prevents "conflicting rulings" that may result when a district court enforces a judgment in a manner that conflicts with a later decision of the appellate court. *See Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986).

The Ashton Plaintiffs now seek to violate this fundamental rule by serving a Notice of Default Judgments that purportedly, by its very terms, seeks to commence, or at least give notice of the intent to commence, a new enforcement proceeding against the same assets currently governed by this Court's February 21, 2023 order. The Ashton Plaintiffs appeared in the prior

3

turnover proceedings, joined the Joint Creditors' arguments concerning subject matter jurisdiction, and appealed from this court's decision and order denying the Joint Creditors' motions for turnover and their motion for attachment. All issues raised by participants in that proceeding are on appeal. However, while the Ashton Plaintiffs continue to pursue appellate relief, they now also seek the Court's permission to commence an effort to execute on the DAB assets even though the Court has decided it lacks jurisdiction to do so and even though the Second Circuit is still considering that very question. While the Joint Creditors join in the Ashton Plaintiffs' hope that the Second Circuit will determine that such execution proceedings may proceed, it has not yet done so. Therefore, until the Second Circuit determines that this Court has jurisdiction, and while the Second Circuit considers the permissibility of execution efforts concerning the DAB assets, this Court has no power to authorize the Ashton Plaintiffs' efforts to commence execution proceedings—an "aspect[] of th[is] case involved in the appeal." *Griggs*, 459 U.S. at 58.

### B. Notice of a Turnover Proceeding Cannot Be Served Until After the Turnover Proceeding Has Commenced.

Even if the Court were to determine it has jurisdiction to authorize the Ashton Plaintiffs to serve a notice seeking to commence a turnover proceeding against the Assets, there are two reasons the Ashton Plaintiffs' Notice of Default Judgments would not comply with New York law.

First, giving notice of an "intent" to file a turnover motion at some point in the future does not satisfy, and cannot substitute for, the notice requirements in CPLR 5225(b) and 5227. The notice requirement in both statutes is clear. Both require service of a notice that a "special proceeding" against a judgment debtor's assets has been "commenced." CPLR 5225(b) provides that New York courts have authority to compel turnover of a judgment debtor's assets only "[u]pon a special proceeding commenced by the judgment creditor, against," among others, "a person in possession or custody of money or other personal property in which the judgment debtor has an

4

interest." Until the turnover motion or complaint has been filed, no "special proceeding" exists. Once the proceeding exists, CPLR 5225(b) expressly requires that "[n]otice *of the proceeding* shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested" (emphasis added). CPLR 5227 likewise provides that New York courts have authority to compel turnover of a judgment debtor's assets "[u]pon a special proceeding commenced by the judgment creditor, against any person who it is shown is or will become indebted to the judgment debtor." Then once such a proceeding exists, CPLR 5227, like CPLR 5225(b), expressly requires that "[n]otice *of the proceeding* shall also be served upon the judgment debtor in the same manner as a summons or by registered or certified mail, return receipt requested."

New York law thus treats service of notice that a turnover proceeding has commenced the same as service of a summons after a lawsuit has been initiated. A summons does not issue until a complaint is filed and therefore cannot be served prior to the filing of a complaint. *See* C.P.L.R. Rule 305 ("A summons shall specify the basis of the venue designated and if based upon the residence of the plaintiff it shall specify the plaintiff's address, and also *shall bear the index number assigned and the date of filing with the clerk of the Court*.") (emphasis added). For the same reasons, a CPLR 5225(b) and 5227 "notice of the [turnover] proceeding" cannot be served until the motion for turnover is filed with the Court.

Article 52's notice requirements "were adopted to meet [] due process requirements by providing a manner of service reasonably calculated to give the judgment debtor notice of the proceeding and an opportunity to intervene." *Bergdorf Goodman, Inc. v. Marine Midland Bank*, 411 N.Y.S.2d 490, 491 (Civ. Ct. 1978). "[T]here must be strict compliance with the requirement," or the proceeding will be dismissed. *See id.* Service of a "notice of the proceeding" before any

5

proceeding has been commenced by filing a turnover motion is not only impossible but would also violate this fundamental due process requirement that a judgment debtor must be notified that the turnover proceeding has *actually started*. Even if a "pre-commencement notice" were served, the Ashton Plaintiffs would still be required to serve another notice after commencing the turnover proceeding. Accordingly, the instant motion is a nullity that serves no meaningful purpose.

### IV.

The portion of the Notice concerning a proposed "turnover" states an intention to move for a proceeding that, at least under the current circumstances, is not allowed. For the foregoing reasons, the Court should deny the Ashton Plaintiffs' motion for authorization of alternative service.

***

Dated: January 9, 2025

/s/ Douglass A. Mitchell
Douglass A. Mitchell (*pro hac vice*)
JENNER & BLOCK LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
(202) 639-6090
dmitchell@jenner.com

*Counsel for Judgment Creditors Fiona Havlish, et al.*

/s/ John Thornton
John Thornton (*pro hac vice*)
Orlando do Campo
DO CAMPO & THORNTON, P.A.
150 S.E. 2nd Avenue, Ste. 602
Miami, FL 33131
(305) 358-6600
od@dandtlaw.com

*Counsel for Judgment Creditors John Does 1-7*

Respectfully submitted,

/s/ Sean P. Carter, Esq.
Sean P. Carter, Esq.
Stephen A. Cozen, Esq.
J. Scott Tarbutton, Esq.
COZEN O'CONNOR
1650 Market Street
Philadelphia, PA 19103
Tel: (215) 665-2105
scarter1@cozen.com

*Counsel for Judgment Creditors Federal Insurance Co., et al.*

/s/ James Edwin Beasley
James Edwin Beasley
The Beasley Firm, LLC
1125 Walnut Street
Philadelphia, PA 19107
(215)-592-1000
jbj@beasleyfirm.com

*Counsel for Judgment Creditors Estate of Smith, et al.*

cc: All counsel of record (by ECF)