UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
In Re Terrorist Attacks on September 11, 2001          03 MDL 1570 (GBD)(SN)

------------------------------------------------------------------------X
This document relates to:

*Ashton et.al. v. Qaeda Islamic Army, et. al.,* 02-cv-6977 (GBD)(SN)
*Schneider, et. al. Islamic Republic of Iran,* 02-cv-7209 (GBD)(SN)

      JONATHAN C. REITER, hereby states under the penalties of perjury:

      1. I am member of Jonathan C. Reiter Law Firm, PLLC, and the attorney representing the *Schneider* subset of *Ashton* plaintiffs identified on Exhibit B to the proposed order (the "*Schneider*" Plaintiffs), specifically the Connors family, who are the subject of this motion for partial final judgment in the above-captioned litigation. I submit this Declaration in support of this motion for final judgment on behalf of the individual Plaintiff(s) identified in Exhibit B, to wit: the Estate of Jonathan M. Connors, and request permission to allow any remaining *Schneider* plaintiffs to move for similar relief in separate stages.

      2. Originally a motion for economic damages was submitted to this Court on behalf of the *Schneider* plaintiffs on September 16, 2024 at DE 10311, 10312 and 10313.[1] The Court partially granted this motion on September 17, 2024 at DE 10367, granting economic damages to the Schneider and Salcedo families. In the Order, the Court directed that Jonathan T. Connors be substituted for Susan Connors, the Executor of the Estate of Jonathan Connors, since Susan Connors had passed away. A Motion to Substitute Party was made on September 17, 2024 at DE 10368 and 10369. On September 18, 2024 at DE 10374, the Court Endorsed the Order substituting Jonathan T. Connors as plaintiff Executor. On September 18, 2024, Jonathan

---

[1] The *Schneider* plaintiffs consist of the families of the Estates of Ian Schneider, Esmerlin Salcedo and Jonathan M. Connors.

1

Connors was substituted at DE 447, 1463, 3237 and 6537, all of the filed complaints. Thereafter, on September 18, 2024, a new motion for economic damages for the Connors estate was filed at DE 10375, 10376 and the Proposed Order was reviewed and approved for form on September 20, 2024 (DE 10386). On September 18, 2024, Exhibit B, the damages excel spreadsheet, was transmitted to Magistrate Netburn via email as required. Additionally, on September 18, 2024, an additional copy of the economic report for the decedent Jonathan M. Connors was filed under seal for the Court's review. As of this date this motion has not been granted or denied. Accordingly, we are resubmitting the entire motion and transmitting the economic report again.

3. The sources of information and the basis for belief in the statements contained herein are my representation of *Schneider* Plaintiffs, specifically the Connors family, in connection with the September 11th terror attacks, my firm's files, conversations with family members of the deceased Plaintiff as well as other court records relating to the multi-district litigation to which the *Schneider* Plaintiffs, specifically the Connors family are parties. Any matter about which I lack personal knowledge are asserted herein upon information and belief.

4. Claims brought on behalf of the decedent listed in Exhibit B, Jonathan Connors, were part of the original *Schneider* complaint, styled *Schneider, et al. v. Bin Laden*, et al., filed on September 10, 2002, and bearing civil action number 02-cv-7209, subsequently ordered consolidated into the master complaint bearing the caption *Ashton et al. v. al Qaeda Islamic Army*, et al., 02-cv-6977(GBD)(SN). Since this plaintiff remain segregated in the consolidated *Ashton* filings under their original civil action number and thus can easily be identified, plaintiffs appearing under the *Schneider* civil action number 02-cv-7209 within the consolidated *Ashton* complaint are being collectively referred to as "*Schneider* plaintiffs."

5. In connection with the filing of claims to the September 11th Victim Compensation Fund on behalf of the decedent listed in Exhibit B, the personal representative of the decedent's estate obtained information and materials relevant to the calculation of economic loss attributable to his decedent's wrongful death as of the time the claim were submitted to the Victim Compensation Fund. That information was provided to Kristin Kuscma, of Sobel Tinari Economics Group. Ms. Kuscma took the information that was obtained relevant to economic loss and prepared expert reports calculating the present value of the economic damages. Attached to the report is Ms. Kuscma's curriculum vitae. Because of the confidential nature of the contents, Ms. Kuscma's report of the economic losses suffered as a result of the death of the decedent in Exhibit B is being submitted to the Court separately under seal as Exhibit C pursuant to the Court's prior Order granting permission for such filing under seal filing. *See* ECF 7963.

6. The economic loss figures set forth in the table attached as Exhibit B represents the present value (based on the calculations set forth in Exhibit C) of the estimated economic losses suffered as a result of the wrongful death of plaintiff's decedent.

7. We have been retained individually by the personal representative of the decedent listed in Exhibit B to pursue recovery for the economic and noneconomic losses arising out of the death of their loved one on September 11, 2001. We have verified via written documentation and/or interviews that the decedent listed in Exhibit B perished in the September 11 terror attacks and has not recovered for their economic damages previously. We have further confirmed that they do not have any prior judgment or pending motion against the Islamic Republic of Iran before this Court for economic damages arising out of the September 11th attacks.

8. The form of this motion and relief requested herein are intended to comply with the quality control measures discussed in the January 13, 2017 letter from the Plaintiff's Executive

Committee (ECF 3433) and the Court's order dated January 24, 2017 (ECF 3435), together with the default judgment motion cover sheet attached as Exhibit A to the proposed order.

9. Previously, in connection with a motion for a final judgment on behalf of other *Ashton* claimants, this Court asked that to expedite issuance of final judgments, they defer decision as to the appropriate quantum of punitive damages and present a proposed order with a rate of prejudgment interest of 4.96 per annum compounded annually. *See* EF 3362, Entered 10/14/2016. The form of the proposed order submitted herewith therefore conforms to the Court's prior orders.

10. Accordingly, I respectfully request that this Court grant the proposed order submitted herewith.

Dated: New York, New York
       March 28, 2025

                                      /s/ Jonathan C. Reiter
                                      Jonathan C. Reiter