UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re:

    TERRORIST ATTACKS ON
    SEPTEMBER 11, 2001

-----------------------------------------------------------------X

03-MD-01570 (GBD)(SN)

**ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/16/2025

**SARAH NETBURN, United States Magistrate Judge:**

This document relates to:

    Ashton v. al Qaeda Islamic Army, No. 02-cv-6977 (GBD)(SN)
    Ashton v. Kingdom of Saudi Arabia, No. 17-cv-2003 (GBD)(SN)

On October 9, 2025, counsel from Kreindler & Kreindler LLP ("Kreindler") moved to withdraw the firm as counsel for the Estate of Calvin J. Gooding, LaChanze Sapp-Gooding (in her capacity as the personal representative of the Estate of Calvin J. Gooding and individually), Celia Gooding, and Zaya Gooding (together, the "Gooding Plaintiffs") as to all claims and against all defendants in the above-cited actions and this multidistrict litigation. Kreindler asks the Court to permit the Gooding Plaintiffs to proceed either with new counsel or on a *pro se* basis. ECF Nos. 11356, 11357.[1]

A party may represent themselves personally rather than by counsel. 28 U.S.C. § 1654. But a nonlawyer administrator is not permitted to assert claims *pro se* on behalf of a deceased person's estate when there are other beneficiaries or creditors of that estate. Compare Pappas v. Philip Morris, Inc., 915 F.3d 889, 893 (2d Cir. 2019) ("[W]hen the administrator and sole beneficiary of an estate with no creditors seeks to appear *pro se* [in federal court] on behalf of the

---

[1] Unless otherwise noted, all ECF numbers refer to the main MDL docket, No. 03-md-01570.

estate, she is in fact appearing solely on her own behalf, because she is the only party affected by the disposition of the suit. Under those circumstances, the assignment of the sole beneficiary's claims to a paper entity—the estate—rather than to the beneficiary herself, is only a legal fiction." (citing Guest v. Hansen, 603 F.3d 15, 20-21 (2d Cir. 2010))), with Guest, 603 F.3d at 20 ("Where there are other beneficiaries, 'an action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors . . . will be affected by the outcome of the proceedings.'" (quoting Iannaccone v. Law, 142 F.3d 553, 559 (2d Cir. 1998))). Additionally, under New York law, a person may not assert claims *pro se* on behalf of a deceased person's estate unless that person has been appointed as the estate's personal representative. See Heslin v. Cnty. of Greene, 14 N.Y.3d 67, 76 n.7 (2010); Palladino v. Metro. Life Ins. Co., 188 A.D.2d 708, 709 (3d Dep't 1992). The Court emphasizes these limits on self-representation only to inform the Gooding Plaintiffs' representation decision—not to decide the legality of that representation.

    Moreover, a party's decision to represent themselves personally does not exempt the party from following the rules of the Court, including the obligation to file a notice of *pro se* appearance. Given the volume of filings in this complex litigation, all parties, regardless of representation, must also consent to electronic service. See ECF Nos. 10410, 6968.

    Consistent with past practice, the Court defers decision on Kreindler's motion for 30 days. See ECF No. 10410. By November 10, 2025, the Gooding Plaintiffs must either (1) have new counsel file an appearance on their behalf, or (2) file a notice of *pro se* appearance and consent to electronic service. See, e.g., ECF No. 10669. The Court directs the Gooding Plaintiffs to the resources this District provides for *pro se* litigants at https://www.nysd.uscourts.gov/prose.

Additionally, to facilitate this transition in representation, counsel from Kreindler must (1) serve a copy of this Order on the Gooding Plaintiffs and (2) by November 10, 2025, file a letter that confirms they have completed service and includes both email and mailing addresses for the Gooding Plaintiffs.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:	October 16, 2025
	New York, New York

3